J. P. WILLIAMS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed July 3, 1926.

1. When all the essential elements of an offense are shown by ample evidence, and no prejudicial errors are made to appear, a judgment of conviction will be affirmed.

2. The parent of one whose age is a material fact in a criminal prosecution, who knows her age independently of any record, may be permitted to testify.

3. Previous chaste character is an essential element to be proven and cannot be presumed, and the proof must be of such degree as to establish personal chastity—actual character, not reputation.

A Writ of Error to the Circuit Court for Jackson County; Amos Lewis, Judge.

Judgment affirmed.

*J. M. Calhoun*, for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *H. E. Carter*, Assistant, for the State.

LONG, Circuit Judge.—The plaintiff in error here, defendant in the lower court, was convicted upon an indictment charging him with the offense of carnal intercourse with unmarried female under the age of eighteen years.

The essential elements of this crime are, First, carnal intercourse; Second, the female must have been under the age of eighteen years; Third, she must have been unmar-

ried at the time of the carnal intercourse; Fourth, she must be of previous chaste character.

The assignments of error are directed to the proof to sustain three of these essential elements of the offense, viz: Proof of the intercourse, the age of the prosecuting witness, and her previous chaste character. The testimony of the prosecuting witness is in substance: that at the time of the commission of the offense on the 8th day of October, A. D. 1924, she was an unmarried female of the age of seventeen years, that the defendant had sexual intercourse with her several times in Jackson County, Florida, and that no one else had ever had sexual intercourse with her. That before the warrant for the defendant was issued she went to him, told him of her pregnancy and that she was ready to marry and asked, what he was going to do about it, to which he replied, not a damn thing. There is other testimony as to defendant having sent her to Pensacola and paid her board there for three weeks during the previous term of the Circuit Court.

The father testified as to the age of the prosecuting witness: that she was born November 8th, 1907, that the birth record was made in a family Bible which was not in his possession, that he knew of his own knowledge the date of her birth and her age.

The plaintiff assigns the admission of this evidence as to the age of the prosecuting witness as error, contending that the record was the best evidence and that the oral testimony should have been excluded.

The father of one whose age is a material fact in a criminal prosecution, who knows her age independently of any record thereof, may be permitted to testify to her age, even though he had written the date in the family Bible which is not produced in evidence. Bynum v. State, 46 Fla. 142,

35 South. Rep. 65; Carter v. State, 68 Fla. 143, 66 South. Rep. 1000.

The second assignment of error questions the sufficiency of the evidence to prove penetration. The prosecuting witness testified that the defendant had sexual intercourse with her on several occasions, that she informed him of her pregnancy and was ready to marry.

> "Sexual intercourse means actual contact of the sexual organs of a man and woman and an actual penetration into the body of the latter."
> 7 Words and Phrases, p. 6459, and authorities there cited.

The third assignment of error is directed to the proof to establish the previous chaste character of the prosecuting witness.

The law is well settled in this State that this essential element of the offense must be proven and not presumed, and in requiring that this allegation of the indictment be proven, the statute means personal chastity—actual character, not reputation.

Chaste is defined as meaning "pure from all unlawful commerce of the sexes;" applied to persons before marriage it signifies pure from all sexual intercourse. Previous chaste character as used in the law in cases of this kind means, "actual personal virtue and not reputation." 2 Words and Phrases, p. 1092, and cases there cited.

The witness having testified that no one else had ever had sexual intercourse with her, this was proof of previous chaste character in the manner in which the law contemplates that personal chastity—actual character—shall be proven.

The judgment of the Circuit Court is affirmed.

BROWN, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.

BUFORD, J., disqualified.