RAWLS, Chief Judge.
Appellant Wright was informed against, tried by jury, and convicted of committing the crime commonly known as statutory rape.[1] He now appeals and assigns as error, inter alia, the failure of the trial court to grant his motion for directed verdict. We are compelled to reverse.
The charging portion of the subject information filed on September 23, 1963, against Wright was as follows:
“ * * * did have unlawful carnal intercourse with an unmarried person, to-wit: (name of person), of previous chaste character, the said * * *" being at the time of such intercourse under the age of 18 years, to-wit: of the age of 10 years, * *
An examination into Wright’s sanity, pursuant to his motion, was had and he was adjudged to be an incompetent and committed to Florida State Hospital. On March 20, 1964, Wright’s competency was restored and he was subsequently brought to trial.
In presenting its case the State proved that the victim was a female child, was ten years of age, and that Wright did have in *322 tercourse with her. The State did not propound a single question touching upon the previous chaste character of the victim. At the conclusion of the State’s case, defendant’s counsel in support of his motion for directed verdict stated, “There is not one word that has been asked to any witness including [the victim] of whether she was of previous chaste character. She has not uttered one word before this Jury that she was intact and a virgin at the time of the intercourse or alleged intercourse with the defendant and, therefore, the first basic ingredient of statutory rape is absent from this case. That is of previous chaste character; and so, simply and obviously, there is no sense to even argue the law, and I move for a directed verdict — that a directed verdict be granted on the basic element of statutory rape of previous chaste character.” Counsel for the State replied, “The State resists the motion, Your Honor, on the grounds the court can take judicial notice that a child of this age is presumed to be chaste and unviolated and can, therefore, carry the case forward.”
The merits of defendant’s motion for a directed verdict and the fallacies of the State’s position are shown by referring to Chapter 794, Florida Statutes, F.S.A., which enumerates the various types of rape. It is elemental that the sections of this chapter must be read in pari materia. Section 794.01 provides in part that:
“Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years * (Emphasis supplied.)
The last phrase of this Section, as construed by our Supreme Court, encompasses three primary elements of the crime which must be proved, viz.: (1) intercourse, (2) a female child, and (3) of less than 10 years of age. Schang v. State [2] referring to that crime — carnal knowledge of a female under the age of 10 years — stated:
“In such cases the law presumes that a child of such immature age is incapable of either consenting to or protesting against the act * *
Therefore, the statutory law upon this subject as interpreted by the appellate decisions firmly establishes the principle that one having intercourse with a female under the age of 10 years may be convicted of the crime defined in Section 794.01, Florida Statutes, F.S.A., without the defenses of consent or lack of chastity of the victim being available to the defendant.
We next turn to the subject criminal provision as set out in Section 794.05. Four basic elements form the proof of this crime, viz.: (1) intercourse (2) with any person under the age of eighteen (3) who is unmarried and (4) is of previous chaste character. These essential elements were emphasized by the Supreme Court in Williams v. State [3] which stated:
“The third assignment of error is directed to the proof to establish the previous chaste character of the prosecuting witness.
“The law is well settled in this state that this essential element of the offense must be proven and not presumed, and in requiring that this allegation of the indictment be proven, the statute means personal chastity — actual character, not reputation.”
Apparently, the legislature intended that the defenses of consent and the absence of victim’s previous chaste character are available to a defendant when the victim is 10 years old and under 18. We hasten to add, the legislature drew the age line, and it is not a proper function of this court to judicially amend the statute.
But the State contends this court should take judicial knowledge that a fe *323 male child of the tender age of 10 is presumed to be chaste. Such an argument is tempting when weighing same along with the evidence of defendant’s depravations as reflected by this record; however, it is not the office of this court to furnish in the name of “judicial notice” the proof of essential elements of the offense charged. In Dallas v. State,[4] the trial judge charged the jury:
“The Court instructs you as to the previous chaste character of the prosecuting witness that the law presumes that every unmarried female is of chaste character until she has shown to be otherwise.”
In reversing the Supreme Court detailed the four essential elements of the crime as stated above and concluded that the instruction was in error because, “It is necessary to allege and prove each of these elements beyond a reasonable doubt, but the instruction complained of assumes the existence of one of the material elements of the offense, and relieves the prosecution of the necessity of furnishing any proof thereof.”
The appellee, without citing a single case in support of its argument, states in its brief that:
“There are times indeed when the law requires strange things but it has never required anything stupid * *
and then journeys into a philosophical discourse pertaining to the garb of our former first lady, the topless dress of go-go girls in St. Petersburg, Florida, and concludes if this court cannot take judicial knowledge that the victim in .this case is of previous chaste character, then indeed all hope is gone. Our single reply is that it is the responsibility of the judicial processes to render justice under the law. Certainly it is not the function of the judicial processes to amend the settled statutory and case law to comport with the philosophical expressions of the appellee. Such arguments should properly be directed to the legislature which, we trust, still has the responsibility of enacting the laws of this state.
Finally, we might add that it would be most helpful if those entrusted with the responsibility of prosecuting individuals would take the time to prove the essential elements of a crime which could have been done in this case by the propounding of one single question rather than soliciting from this court a judicial pronouncement contrary to the case law and statutes on the subject.
The case is reversed with directions to discharge the prisoner.
JOHNSON and SPECTOR, JJ, concur.

. Section 794.05, Florida Statutes, F.S.A.

. Schang v. State, 43 Fla. 561, 31 So. 346 (1901).

. Williams v. State, 92 Fla. 125, 109 So. 305 (1926).

. Dallas v. State, 76 Fla. 368, 79 So. 690, 3 A.L.R. 1457 (1918).