PATTERSON, Judge.
The state challenges the trial court’s order which declares section 794.05, Florida Statutes (1991), unconstitutional and which dismisses the petition against the appellee. Section 794.05 prohibits any person from having unlawful carnal intercourse with an unmarried person, of previous chaste character, who is under eighteen years old. The state argues that minors do not have the right to engage in consensual sexual intercourse under Florida’s privacy amendment, article I, section 23 of the Florida Constitution. We agree and reverse.
The trial court relied on In re T.W., 551 So.2d 1186 (Fla.1989), in finding section 794.05 unconstitutional. In In re T.W., the court held that the privacy amendment extends to pregnant minors who have chosen to get an abortion.
The issue of whether minors have a right to consent to have sexual intercourse under the privacy amendment has not been addressed by the courts of this state in the context of section 794.05. However, the Fifth District addressed this issue in Jones v. State, 619 So.2d 418 (Fla. 5th DCA 1993), with regard to section 800.04, Florida Statutes (1991). The Jones court held that section 800.04, which prohibits, inter alia, sexual intercourse with persons under sixteen, was constitutional. The Fifth District stated that the urgency which the pregnant minor faced in In re T.W. in deciding whether to abort a pregnancy did not exist in Jones, and that a “minor’s right to consensual sex is not substantially burdened by requiring a delayed exercise of such right_” Jones, 619 So.2d at 422. The court concluded that “Florida’s age of consent, under modern morality, may be too high. But this, in the first analysis, is the legislature’s prerogative.” 619 So.2d at 422. The court certified the question[1] to the supreme court, and review has been granted in that case. Jones v. State, 629 So.2d 133 (Fla.1993).
We reverse the final order based on the reasoning in Jones and certify the following *937 question to the supreme court as one of great public importance:
Does Florida’s privacy amendment, article I, section 23 of the Florida Constitution, render section 794.05, Florida Statutes (1991), unconstitutional as it pertains to a minor’s consensual sexual activity?
FRANK, C.J., and FULMER, J., concur.

. Whether the constitutional right of privacy of minors announced in In re T.W. renders unconstitutional that portion of section 800.04, which provides that consent is not a defense to a prosecution for sexual activity with a minor under sixteen?