638 So.2d 1055 (1994)
Jerrid CONYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00699.
District Court of Appeal of Florida, Second District.
June 24, 1994.
Judith Ellis, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Roberta G. Mandel, Asst. Atty. Gen., Miami, for appellee.
*1056 RYDER, Acting Chief Judge.
Jerrid Conyers was charged with the crime of committing a lewd and lascivious act upon a child under the age of sixteen, a violation of section 800.04(2), Florida Statutes (1991). Conyers filed a motion to dismiss arguing the aforementioned statute was unconstitutional. The trial court denied Conyers's motion and upheld the constitutionality of section 800.04(2). Thereafter, Conyers entered a plea of nolo contendere to the charge and reserved the right to appeal the ruling on his motion to dismiss. He was adjudicated guilty and was sentenced to two years of community control to begin upon the final ruling in his appeal. We affirm.
The fourteen-year-old victim herein testified under oath that she had consensual intercourse with the appellant, age twenty. She declared she was not a virgin at the time she had sexual intercourse with Conyers and alleged she had engaged in sexual activity with another male when she was thirteen years old. These sworn statements were submitted to the trial court in support of Conyers's motion to dismiss. At the hearing on his motion to dismiss, Conyers's counsel argued that under the reasoning of In re T.W., 551 So.2d 1186 (Fla. 1989), the victim had a right to privacy and this right would extend to the right to have consensual sexual intercourse.
We previously reviewed this issue in Schofield v. State, 621 So.2d 573 (Fla. 2d DCA 1993), and also certified this issue in the context of section 794.05, Florida Statutes (1991), which prohibits carnal intercourse with a person under eighteen years, in State v. B.B., 637 So.2d 936 (Fla. 2d DCA May 6, 1994). In both cases, we cited to the Fifth District's well-reasoned opinion in Jones v. State, 619 So.2d 418 (Fla. 5th DCA 1993), which now has been approved by our supreme court in Jones v. State, 640 So.2d 1084 (Fla. 1994). In so affirming the constitutionality of section 800.04, the court observed "[t]he rights of privacy that have been granted to minors do not vitiate the legislature's efforts and authority to protect minors from conduct of others... . Florida has an obligation and a compelling interest in protecting children from `sexual activity and exploitation before their minds and bodies have sufficiently matured to make it appropriate, safe and healthy for them.'" Jones, 640 So.2d at 1087.
Affirmed.
PATTERSON and LAZZARA, JJ., concur.