659 So.2d 256 (1995)
B.B., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. 83712.
Supreme Court of Florida.
June 29, 1995.
Rehearing Denied August 24, 1995.
*257 Robert E. Jagger, Public Defender, and Stephen L. Romine, Asst. Public Defender, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., and Ron Napolitano, Asst. Atty. Gen., Tampa, for respondent.
WELLS, Justice.
We have for review a decision of the Second District Court of Appeal, State v. B.B., 637 So.2d 936 (Fla. 2d DCA 1994), which certified the following question to be of great public importance:
Whether Florida's privacy amendment, Article I, Section 23 of the Florida Constitution, renders section 794.05, Florida Statutes (1991), unconstitutional as it pertains to a minor's consensual sexual activity?
Id. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative as it is applicable to this prosecution of B.B., who was a minor of sixteen years when charged.
B.B. was charged on January 21, 1993, with sexual battery. The victim was also sixteen years of age. After B.B. was deposed, the state attorney amended the petition from sexual battery to unlawful carnal intercourse pursuant to section 794.05, Florida Statutes (1991). Section 794.05 provides that:
(1) Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years, shall be guilty of a felony of the *258 second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) It shall not be a defense to a prosecution under this section that the prosecuting witness was not of previous chaste character at the time of the act when the lack of previous chaste character in the prosecuting witness was caused solely by previous intercourse between the defendant and the prosecuting witness.
B.B. filed a motion to declare the statute unconstitutional as violative of his right to privacy and to dismiss the petition. The circuit court, relying on In re T.W., 551 So.2d 1186 (Fla. 1989), found section 794.05 unconstitutional and granted the motion. Specifically, the trial court found that petitioner had a right to privacy guaranteed by article I, section 23 of the Florida Constitution and that the right outweighed the State's interest in protecting minors from the conduct of others.
The State appealed, and the district court reversed the circuit court's findings, relying on Jones v. State, 619 So.2d 418 (Fla. 5th DCA 1993), approved, 640 So.2d 1084 (Fla. 1994). The district court certified the above question to this Court.
Initially, we note that section 794.05 is materially different from section 800.04, Florida Statutes (1991),[1] which we upheld in Jones v. State, 640 So.2d 1084 (Fla. 1994), against an attack as to its constitutionality. We do not recede in any way from the holding or reasoning in Jones.
Unlike the Jones case, our focus is not upon whether a minor's consent to sexual intercourse is a defense to a prosecution under a statute prohibiting sexual activity with a minor. Likewise, we do not view the issue presented in this case as being whether it is for the legislature or the courts to determine "Florida's age of consent." If our decision were based upon whether minors could consent to sexual activity as though they were adults, our decision would be "no" for the reasons stated in Justice Kogan's concurring opinion in Jones v. State, 640 So.2d 1084, 1087 (Fla. 1994). The issue here, however, is whether a minor who engages in "unlawful" carnal intercourse with an unmarried minor of previous chaste character can be adjudicated delinquent of a felony of the second degree in light of the minor's right to privacy guaranteed by the Florida Constitution.
In In re T.W., 551 So.2d 1186 (Fla. 1989), the majority of this Court recognized that based upon the unambiguous language of article I, section 23 of the Florida Constitution, "[t]he right to privacy extends to `[e]very natural person.' Minors are natural persons in the eyes of the law and `[c]onstitutional rights do not mature and come into being magically only when one attains the state-defined age of majority.'" Id. at 1193. Our analysis, therefore, begins with the recognition that the right to privacy extends to B.B.
Our decision in Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla. 1985), instructs that we next determine whether this minor had a legitimate expectation of privacy in carnal intercourse. Carnal intercourse is by express definition an intimate act. In Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 636 (Fla. 1980), we recognized that various intimate personal activities such as marriage, procreation, contraception, and family relationships fall within the privacy *259 interest recognized by the Federal Constitution. Following the 1980 adoption of article I, section 23 of the Florida Constitution, this Court held that Florida's privacy amendment, which provides "an explicit textual foundation for those privacy interests inherent in the concept of liberty" extends to minors with respect to abortion. In re T.W., 551 So.2d at 1192 (quoting Rasmussen v. South Fla. Blood Serv., Inc., 500 So.2d 533, 536 (Fla. 1987)). Consistent with these decisions, we conclude that Florida's clear constitutional mandate in favor of privacy is implicated in B.B., a sixteen-year-old, engaging in carnal intercourse.
Having determined that this statute does implicate B.B.'s right to privacy, the "stringent test" enunciated in Winfield must be applied to the statute. Again, our analysis is in accord with the opinion concurred in by the majority in In re T.W., holding that "[c]ommon sense dictates that a minor's rights are not absolute; in order to overcome these constitutional rights, a statute must survive the stringent test announced in Winfield: The state must prove that the statute furthers a compelling state interest through the least intrusive means." 551 So.2d at 1193. Thus, once it is determined that a citizens's privacy interest is implicated, this test shifts the burden to the State to justify the intrusion of privacy. We find that the State failed to meet its burden in applying section 794.05 to adjudicate a minor as a delinquent second-degree felon.
The State contends that the compelling state interest furthered by this statute is the same as the state interest which we found to be compelling in Jones. However, in Jones we were dealing with a situation where section 800.04 was applied to charge an adult engaged in sexual activity with a minor under the age of sixteen years. We there held, and reiterate here, that the rights of privacy that have been granted to minors do not vitiate the legislature's efforts to protect minors from the conduct of others. "`[S]exual exploitation of children is a particularly pernicious evil that sometimes may be concealed behind the zone of privacy... . The state unquestionably has a very compelling interest in preventing such conduct.'" 640 So.2d at 1086 (quoting Schmitt v. State, 590 So.2d 404 (Fla. 1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992)).
While we do recognize that Florida does have an obligation and a compelling interest in protecting children from sexual activity before their minds and bodies have sufficiently matured to make it appropriate, safe, and healthy for them and that this interest pertains to one minor engaging in carnal intercourse with another, the crux of the State's interest in an adult-minor situation is the prevention of exploitation of the minor by the adult. Whereas in this minor-minor situation, the crux of the State's interest is in protecting the minor from the sexual activity itself for reasons of health and quality of life. Having distinguished between the State's interest in the adult-minor situation and in the minor-minor situation, we conclude that the State has failed to demonstrate in this minor-minor situation that the adjudication of B.B. as a delinquent through the application of section 794.05 is the least intrusive means of furthering what we have determined to be the State's compelling interest.
The history of this particular statute is rooted in a law created before 1892. See § 2598, Revised Statutes of Fla. (1892); 22 Fla. Stat. Ann. 727 (1992) (Historical and Statutory Notes). The law was enacted originally for the purpose of "protecting the virginity of young maidens," Simmons v. State, 151 Fla. 778, 783-84, 10 So.2d 436, 438 (1942), and to "protect virtuous young women ... within the specific age from defilement." State v. Bowden, 154 Fla. 511, 516, 18 So.2d 478, 481 (1944). In 1921, the law was changed to protect both males and females. See Ch. 8596, Laws of Fla. (1921). In 1935, this Court expressed the view that the statute was "designed to protect the youth of this State of both sexes from the initial violation of their actual condition of sexual chastity, rather than from the consequences of their subsequent voluntary indulgence in unmorality." Deas v. State, 119 Fla. 839, 842, 161 So. 729, 730 (1935). It was on this basis that the Court explained why the statute protected only unmarried minors who were chaste.
*260 We agree with the opinion of the Fourth District Court of Appeal in Victor v. State, 566 So.2d 354 (Fla. 4th DCA 1990), that the purpose of section 794.05(1), Florida Statutes, is "to protect minors from sex acts imposed by adults." Victor, 566 at 356. Here, though, section 794.05 is not being applied in furtherance of the purpose delineated by the district court in Victor. Section 794.05 is not being utilized as a shield to protect a minor, but rather, it is being used as a weapon to adjudicate a minor delinquent. Thus, we do not hold that section 794.05 is facially unconstitutional but only that it is unconstitutional as applied to this 16-year-old as a basis for a delinquency proceeding.
At present, we will not debate morality in respect to the statute or debate whether this century-old statute fits within the contemporary "facts of life." We do say that if our decision was what should be taught and reasoned to minors, the unequivocal text of our message would be abstinence. We are all too aware of the real-life crisis of children having children. The impact is evidenced daily in delinquency and dependency proceedings in the juvenile divisions of our circuit courts. We recognize the plague of AIDS and the evidence that this epidemic and the rampant spread of serious communicative disease are the sad product of sexual promiscuity. However, our decision is not about what should be taught but about what can be adjudicated to be delinquency as a second-degree felony.
For the reasons stated herein, we quash the decision of the district court, hold section 794.05, Florida Statutes (1991), to be unconstitutional as applied to a minor who is sought to be prosecuted pursuant to the statute, and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON and ANSTEAD, JJ., concur.
KOGAN, J., concurs with an opinion, in which ANSTEAD, J., concurs.
GRIMES, C.J., dissents with an opinion, in which SHAW, J., concurs.
HARDING, J., dissents with an opinion.
KOGAN, Justice, concurring.
Our law has held that, with respect to unmarried persons, "chaste" means possessing virginity. Williams v. State, 92 Fla. 125, 109 So. 305 (1926). Thus, by its own terms the statute at issue here does not protect unmarried minors who had lost their virginity through a liaison with a third party prior to the act in question. This singularly odd state of affairs indicates that the real objective of this statute is not to protect children as a class, but to prevent the loss of chastity of those not already "despoiled." Any person  child or adult  thus does not violate this particular statute by a sexual liaison with an unchaste minor.[2]
I frankly find the assumptions underlying this result appalling. As I stated in Jones, the state does have a compelling interest in preventing the sexual exploitation of children as a class and can do so by establishing a minimum age of consent. The problems of pregnancy, sexually transmitted disease, and psychological injury are of special concern with the very young, as a body of well documented research now shows. Jones, 640 So.2d at 1087-92 (Kogan, J., concurring). But I am utterly at a loss to explain how the state can justify a statute such as this one, that seems to regard unchaste minors as *261 being somehow less deserving of the state's protection than those who are otherwise. This view is a painfully short-sighted relic of a bygone era that was willing to punish non-marital sexual acts severely, even to the point of regarding the innocent offspring of those unions as "children of no one" not even entitled to an inheritance. Any statute that purports to grant special status to a favored group of children over all others, to my mind at least, must be regarded as inherently questionable. On its face this statute suggests discrimination and most likely grants special status to an elite group of children.
Laws should protect everyone, not merely a favored subgroup. All children deserve the state's protection, subject only to the rights our Constitution invests in those children and their parents or guardians. I agree with the majority that privacy is implicated here. However, the statute's application only to "chaste" children renders the state's interest less than compelling, in the context of sex between two minors. There is no sound reason why only the chaste ones should be protected from the dangers of premature and repeated sexual acts if the state genuinely purports to be protecting children as a class. Indeed, one of the assumptions of this statute  that children engaging in serial promiscuity are less deserving  strikes me as patently absurd and self-defeating. If anything, such children are all the more in danger and thus all the more in need of assistance.
I also am highly puzzled about who should be regarded as the "aggressor" and who the "victim" when both partners are minors. If both are "chaste," then a fair reading of the statute would indicate that both have committed a felony. Yet, this effectively means each child was both aggressor and victim in a single act, which stretches credence to the breaking point. Attempting to brand one as the aggressor and the other as the victim raises very serious questions of equal protection, especially where prosecutors always assume that one type of child  such as "the boy," or the one who is "unchaste"  must be the aggressor.
Moreover, still other problems arise in this last situation. Identifying the male or "unchaste" partner as the aggressor will not always be borne out by the facts. The studies I cited in Jones indicate that some children  even boys  fall into a tragic cycle of sexual exploitation by others, which robs them of virginity but certainly does not indicate they are aggressors. And I am utterly unwilling to say that repeat victims of sexual exploitation must be considered aggressors merely because of prior victimization by third parties. This would be little better than blaming the true victim and coddling the actual aggressor, directly contrary to the very interests the state is trying to serve.
In so saying, I stress that this case does not involve the separate problem of adults engaging in sexual acts with a minor, nor does the certified question raise issues of due process or equal protection. This opinion accordingly rests solely on a privacy analysis. Art. I, § 23, Fla. Const. Finally, I would suggest that the legislature revisit this statute and either modernize it or decide if it is genuinely necessary in light of the variety of other statutes more than adequately protecting children from sexual predation. Absent revision, application of this statute in other situations is likely to be a fertile source of expensive litigation in the years ahead. The legislature might wish to consider whether the cost of defending an archaicly worded statute such as this one is worthwhile.
ANSTEAD, J., concurs.
GRIMES, Chief Justice, dissenting.
In Jones v. State, 640 So.2d 1084 (Fla. 1994), this Court upheld section 800.04, Florida Statutes (1991), which prohibited sexual intercourse with a person under the age of sixteen. Section 794.05, Florida Statutes (1991), prohibits sexual intercourse with an unmarried person of previous chaste character under the age of eighteen. Neither statute refers to the age of the person against whom the prohibition is directed. For purposes of our discussion, the only material difference between the statutes is the age limit of the persons sought to be protected. Persons under the age of eighteen are still considered minors, and as this Court held in Jones, the legislature has a strong policy interest in protecting minors from harmful *262 sexual conduct. I cannot see how In re T.W., 551 So.2d 1186 (Fla. 1989), can be read to support the proposition that a sixteen-year-old child has a privacy right to have sex.
In holding section 794.05 unconstitutional as applied, the majority appears to be saying that a sixteen-year-old child has a constitutional right to engage in sex with another sixteen-year-old child, though an older person would not have such a right. However, section 794.05 reflects a legislative determination to protect chaste and unmarried children under the age of eighteen from the dangers of having sex with anyone, regardless of age. While the prevention of exploitation of children by older persons is certainly one objective of the statute, the statute does not make this distinction and it is clearly not the only objective. As noted by Justice Kogan in his concurring opinion in Jones, the State has a right to prevent children and young adolescents from being exposed to the wide-ranging risks associated with premature sexual activity.
If B.B. is adjudicated delinquent of a second-degree felony, he may have an argument that the particular sanction imposed upon him for having sex with another sixteen-year-old is cruel and unusual punishment. See Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). However, this question is not before us. Despite the majority's effort to restate the issue, the question before us is whether it is for the legislature or the courts to determine the age of consent for minors to engage in sex. Referring again to Justice Kogan's opinion in Jones:
The legislature, I believe, can choose any age within a range that bears a clear relationship to the objectives the legislature is advancing. Some reasonable age of consent must be established because of the obvious vulnerabilities of most youngsters and the impossibility of legally defining "maturity" for allegedly precocious teens in this context.
640 So.2d at 1090 (Kogan, J., concurring). The legislature has established the cutoff as being at the age of eighteen. The fact that in contemporary society many couples may be engaging in sex below the age of eighteen makes it neither legal nor right.
SHAW, J., concurs.
HARDING, Justice, dissenting.
I respectfully dissent. The facts of this case make its resolution troublesome. Two persons, both minors, agreed to engage in sexual intercourse. The State filed delinquency charges against one of the minors for violating section 794.05, Florida Statutes (1991), by having unlawful carnal intercourse with the other minor. According to the opinion under review, the trial court, relying on In re T.W., 551 So.2d 1186 (Fla. 1989), determined that section 794.05 was unconstitutional. The district court reversed based on the reasoning in Jones v. State, 619 So.2d 418 (Fla. 5th DCA 1993), approved, 640 So.2d 1084 (Fla. 1994). The question certified by the district court specifically limits our consideration to whether the privacy amendment of the Constitution renders section 794.05 "unconstitutional as it pertains to a minor's consensual sexual activity[.]" We have not been asked to determine if the statute is constitutional or not for any other reason. If the statute fails for other reasons, that is a case for another day. In my judgment Jones unequivocally requires us to answer the certified question in the negative. I can find no legitimate basis to go further.
NOTES
[1] Section 800.04, Florida Statutes (1991):

Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
[2] A variety of other criminal statutes might apply, however, depending on the facts of the case. I also must note that, while Chief Justice Grimes correctly quotes my concurrence in Jones, the two statutes he compares differ in a crucial respect: Section 794.05 requires that the child be chaste whereas section 800.04 does not. Indeed, the latter statute states in pertinent part:

Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed [statutory rape].
§ 800.04, Fla. Stat. (1991). Thus, I do not agree with his assessment that my concurrence in Jones compels the result he advocates. In Jones, the state in fact had a compelling interest because it was trying to protect all children, whereas in the present case the state has selected a privileged few for favored protection. The question in the instant case thus is whether the state can select a subgroup of children for special protections not afforded to others.