686 So.2d 621 (1996)
STATE of Florida, Petitioner,
v.
Michael RALEIGH, Respondent.
Nos. 95-2832, 95-3173.
District Court of Appeal of Florida, Fifth District.
November 15, 1996.
Rehearing Denied January 13, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Petitioner.
Gregory W. Eisenmenger and Robert R. Berry of Amari, Theriac & Eisenmenger, P.A., Cocoa, for Respondent.
GRIFFIN, Judge.
The State of Florida seeks certiorari to quash orders of the lower court which have allowed the defendant below, Michael Raleigh, to assert consent as a defense to charges of lewd assault in violation of section 800.04, Florida Statutes (1993).
Raleigh was sixteen or seventeen years old at the time of the charged offenses, both alleged victims were age fifteen.[1] Raleigh moved to dismiss the charges, asserting that section 800.04, Florida Statutes (1993)[2] is *622 unconstitutional as applied to him because it precludes his raising as a defense the consent of the victims.
The lower court entered an order in each case finding that section 800.04, Florida Statutes, is facially constitutional; however, relying on the Supreme Court of Florida's reasoning and holding in B.B. v. State, 659 So.2d 256 (Fla.1995), the lower court held the statute to be unconstitutional as applied to a sixteen-year-old defendant, presumably because he is a minor. The lower court granted Raleigh's motion to dismiss "to the extent that the statute prohibits the use of the victim's consent as a defense to the crime charged." The lower court held that evidence of the victim's consent would be admissible, and that the jury instructions would be modified accordingly.
In Jones v. State, 640 So.2d 1084 (Fla.1994), the supreme court squarely held that section 800.04, Florida Statutes, is constitutional because the state's compelling interest in protecting children outweighed a minor's right to privacy. The court reasoned that the statute's disallowance of consent of the fourteen-year-old victims as a defense did not render the statute unconstitutional under the privacy provision of the state constitution. The court reiterated what it had said in Schmitt v. State, 590 So.2d 404 (Fla.1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992):
[A]ny type of sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents ... [S]ociety has a compelling interest in intervening to stop such misconduct.
Jones, 640 So.2d at 1086. The court wrote that "[t]he rights of privacy that have been granted to minors do not vitiate the legislature's efforts and authority to protect minors from conduct of others." Id. at 1087.
Raleigh distinguishes Jones on the basis that the Jones defendants were adults, whereas the defendant in B.B. was a minor. The statute at issue in B.B. was section 794.05, Florida Statutes, which prohibits carnal intercourse with unmarried persons under age eighteen of previously chaste character. Although some of the "right to privacy" rationale for the B.B. decision and some of the language used in that opinion may have invited the challenged rulings of the lower court in this case, Jones is clear and its reasoning and holding both were reaffirmed in B.B. 659 So.2d at 258. B.B. plainly is limited to its statutory target. In B.B., the court noted the state's compelling interest in "protecting children from sexual activity before their minds and bodies have sufficiently matured to make it appropriate, safe and healthy for them ... and that this interest pertains to one minor engaging in carnal intercourse with another...."[3] The B.B. court held that section 794.05 did not further that compelling interest by the least intrusive means. The focus of the legislation at issue in this case is the protection of all minors in clear, neutral, logical terms. In B.B., the problem was the way section 794.05 was drawn; the B.B. court concluded the weaknesses of the statute could not overcome the minor's rights. Whatever the well from which the high court found B.B.'s constitutional right to engage in consensual sex with another minor may have sprung, such a right is of limited force in the face of a compelling *623 state interest. This was recognized in B.B. itself. Id. at 259.
It should by now be clear through experience, as recognized in Jones, that there is no constitutionally protected right to the defense of consent when any person commits a lewd act on a minor. The difficulty of defining exactly what "consent" consists of when the "consenting" party is a child, what might be deemed the communication of "consent" by a minor, how a minor would be expected (or required) to communicate lack of consent and determining the earliest age at which "consent" would be valid are just some of the obvious reasons why the legislature has determined this defense cannot apply in such cases. Moreover, the courts of Florida have not shown themselves adept in fairly defining "consent" in the context of sexual encounters with minors,[4] nor is it clear that the definition of "consent" in section 794.011(1)(a), Florida Statutes, could be imported into chapter 800 by judicial fiat. The statutory provision removing the defense of consent from the crimes identified in section 800.04 is clearly constitutional where the perpetrator is eighteen years old and the victim is fourteen. It cannot be of any constitutional or logical significance to the child victim if the perpetrator is only seventeen or sixteen ... or ten. To suggest that a minor has a constitutional right to have "consensual" sex with another minor until this right magically disappears on the minor's eighteenth birthday is to misread B.B.[5] We grant the writ in the consolidated appeals and vacate the order authorizing the consent defense.
WRIT GRANTED.
HARRIS, J., concurs and concurs specially, with opinion.
THOMPSON, J., dissents, with opinion.
HARRIS, Judge, concurring specially:
I agree with Judge Griffin that the fact that this case involves section 800.04, Florida Statutes, as opposed to section 794.05, Florida Statutes, brings it within the ambit of Jones v. State, 640 So.2d 1084 (Fla.1994). In Jones, the supreme court in reviewing a prosecution under section 800.04 focused on the privacy rights of the victim (a minor) and held that the State has sufficient "compelling interest" to prohibit sexual activity with such minor even with the minor's consent. In B.B. v. State, 659 So.2d 256 (Fla.1995), relied on by Respondents, the supreme court focused on the privacy right of the minor defendant to have sex with another minor and held that the State lacked sufficient compelling interest to prosecute such minor under the provisions of section 794.05.
It should be noted that the protected class in section 794.05 is "any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of eighteen years of age ..." The defendant in B.B., assuming that he was of previous chaste character or that such condition need not be present in the perpetrator, was also within the protected classhe was unmarried and under eighteen years of age. However, even if the defendant herein is a minor, he is not within the protected class established by section 800.04. Here, the protected class is a "child under the age of sixteen years ..." (Emphasis added.) In our cases, the victims were fifteen but the defendant was seventeen.
Even if B.B. might have some relevance if both the victim and the defendant were under the age of sixteen, unless we are willing to hold that a youth of sixteen or seventeen years of age has a constitutional right to have sex with a person as young as twelve, then B.B. can have no relevancy to a prosecution under section 800.04.
*624 I view section 800.04, as interpreted by Jones, to protect youngsters under sixteen years of age from even consensual sex with persons (even minors) sixteen years of age and older.
THOMPSON, Judge, dissenting,
Because I believe that B.B. v. State, 659 So.2d 256 (Fla.1995), controls, I would deny the petition for writ of certiorari. Further, I disagree with this court that "B.B. plainly is limited to its statutory target [section 794.05]." Since both B.B. and this case implicate a minor's right to privacy when the minor is prosecuted for sexual activity with another minor, the reasoning should apply to section 800.04, as well.
The salient issue in B.B., who was 16 years old when charged, was whether a minor who engages in unlawful carnal intercourse with an unmarried minor of previously chaste character can be adjudicated delinquent of a felony in light of the minor's right to privacy guaranteed under the Florida Constitution. Id. at 258. Justice Wells wrote that in In re T. W., 551 So.2d 1186 (Fla.1989), the Florida Supreme Court determined that minors, as natural persons, have the constitutional right to privacy. Id. He then found that a minor had a legitimate expectation of privacy in carnal intercourse. Id. at 259.
Accordingly, the court applied the test enunciated in Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985), to evaluate the lawfulness of government intercession into private lives. The test requires the state to justify its intrusion by demonstrating that the challenged regulation serves a compelling state interest and accomplishes this goal by the least intrusive means. Id. at 547. The court in B.B. found that the state had established a compelling interest in prohibiting sexual intercourse by minors and reiterated the court's ruling in Jones v. State, 640 So.2d 1084 (Fla.1994). However, the state failed to demonstrate that its compelling interest would best be served by prosecuting one minor for sexual involvement with another minor. Justice Wells wrote that the state's interest in sexual activity between an adult and a minor differs from sexual activity between two minors:
[T]he crux of the State's interest in an adult-minor situation is the prevention of exploitation of the minor by an adult. Whereas in this minor-minor situation, the crux of the State's interest is in protecting the minor from the sexual activity itself for reasons of health and quality of life.... [W]e conclude that the State has failed to demonstrate in this minor-minor situation that the adjudication of B.B. as a delinquent through the application of section 794.05 is the least intrusive means of furthering what we have determined to be the State's compelling interest. (emphasis supplied.)
659 So.2d. at 259. This language creates tension if not conflict with the court's ruling in Jones. However, this reasoning cannot be limited to violations of section 794.05 because it was badly drafted or is archaic. Rather, the ruling should apply to any case in which a minor is accused of sexual activity with another minor.
This court reads Jones to mean that the state's compelling interest is to prevent minors from engaging in sexual activity with anyone until they are 18 years old and that prosecution is the least intrusive means to serve this interest. c.f., Jones at 1086 (citing Schmitt v. State, 590 So.2d 404 (Fla.1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992)). By contrast, B.B. holds that in a minor-minor situation, prosecution is not the least intrusive means of furthering the state's compelling interest in protecting minors from sexual activity. If B.B. applies only to section 794.05, a minor escapes prosecution for having consensual sex with another minor, but is subject to prosecution under section 800.04 for the same activity. This result is neither logical or sensible. See Chief Justice Grimes' dissent in B.B., 659 So.2d at 261-62.
I would deny the petitions because B.B. is controlling and would certify this question to the Supreme Court:
Whether Florida's privacy amendment, Article I, Section 23 of the Florida Constitution, renders section 800.04, Florida Statutes *625 (1993), unconstitutional as it pertains to a minor's consensual sexual activity?
NOTES
[1] In case 95-15742-CF-A-F, defendant Michael Raleigh was charged with six counts of sexual battery in violation of section 794.011(5), Florida Statutes; six counts of lewd of lascivious assault on a child in violation of section 800.04(3), Florida Statutes (these counts are charged in the alternative); three counts of sexual battery; and one count of stalking, all involving J.O. He was sixteen at the time of these offenses. In case 95-103250-CF-A-F, defendant was charged with two counts of lewd and lascivious assault on a child, S.J., in violation of section 800.04(3), Florida Statutes. He was seventeen when these acts were alleged to have occurred.
[2] 800.04 Lewd, lascivious, or indecent assault or act upon or in presence of child.A person who:

(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. A mother's breastfeeding of her baby does not under any circumstance violate this section.
[3] 659 So.2d at 259.
[4] See Rains v. State, 671 So.2d 815 (Fla. 5th DCA 1996); Hufham v. State, 400 So.2d 133, 134 (Fla. 5th DCA 1981).
[5] Mr. Raleigh suggests that the true rationale for the B.B. decision was the high court's conclusion that when two minors are involved, it is impossible to determine who is the perpetrator and who is the victim. It has been the experience of this court that in the vast majority of such cases filed by prosecutors in this district, it is not difficult at all to tell. And where the facts support it, there is no reason why a female could not be prosecuted as readily as a male.