ALLEN, Judge,
concurring in result.
I agree with the result reached by the majority. I write separately to briefly express the basis for my disagreement with the trial court’s ruling that prosecution of Counts I and II was precluded by the privacy provision of the state constitution as applied in B.B. v. State.
. In my view, there is a significant distinction, for privacy analysis purposes, between the statute involved here and the statute involved in B.B. That distinction is the same distinction drawn in Justice Kogan’s separate B.B. opinion between the statute in Jones v. State, 640 So.2d 1084 (Fla.1994), and the *1388 statute in B.B. Justice Kogan observed that the statute in Jones was designed to protect “all children,” whereas the statute in B.B. “selected a privileged few for favored protection.” B.B. v. State,, 659 So.2d 256, 260, fn. 2 (Fla.1995). I understand from Justice Ko-gan’s language that he would have agreed with the B.B. dissenters but for this critical distinction. Because the statute here, like the statute in Jones, was designed to protect all children, and because Justice Kogan’s vote was the swing vote in B.B., dismissal of Counts I and II was not required by B.B.
I note that the point upon which I rely was recently recognized in the context of a prosecution under section 800.04, Florida Statutes. See State v. Raleigh, 686 So.2d 621 (Fla. 5th DCA1996).