PAJDOVANO, J.
dissenting.
Section 827.071(3) Florida Statutes was designed to protect children from abuse by others, but it was used in this case to punish a child for her own mistake. In my view, the application of this criminal statute to the conduct at issue violates the child’s right to privacy under Article 1, Section 23 of the Florida Constitution. For this reason, I would reverse.
The supreme court held in B.B. v. State, 659 So.2d 256 (Fla.1995), that a statute prohibiting unlawful carnal intercourse is unconstitutional as applied to a minor. In support of this holding, the court reasoned that the citizens of Florida had issued a “clear constitutional mandate in favor of privacy” by adopting Article 1, Section 23 of the Florida Constitution. B.B. 659 So.2d at 259. The court went on to say that the right of privacy is not limited to adults, but that it applies to children, as well.
I am not able to reconcile the supreme court’s holding in B.B. with the court’s decision in this case. The majority points out that the child in B.B. was charged with unlawful sexual intercourse while the child in this case was charged with photographing an act of sexual intercourse, but I think this a distinction without a difference. As in B.B., the child in this case had sex with another minor. The only additional fact is that, in this case, the two took photographs of themselves and shared the photos with each other. There is no indication that the photos were intended to be any less private than the act itself. Consequently, I am unable to conclude that Article 1, Section 23 is inapplicable or that it somehow offers the child in this case less protection.
The majority is correct to say that B.B. involved a prosecution under a different statute. However, the principle of constitutional law articulated in the opinion is not one that applies only to a particular statute. To the contrary, it is a principle that would apply to any statute that is used in a way that violates the right of privacy. If a minor cannot be criminally prosecuted for having sex with another minor, as the court held in B.B., it follows that a minor cannot be criminally prosecuted for taking a picture of herself having sex with another minor. Although I do not condone the child’s conduct in this case, I cannot deny that it is private conduct. Because there is no evidence that the child intended to show the photographs *240 to third parties, they are as private as the act they depict.
The majority relies on the decision of this court in State v. A.R.S., 684 So.2d 1883 (Fla. 1st DCA 1996), but that case does not support the decision the court has made here. In A.R.S., the child made a videotape of himself and a younger female child engaging in a sexual activity and then played the videotape to a third person at a time when the female was not present. The act of displaying the videotape was the main reason the court gave for its decision. As the court explained, “The state’s purpose in [section 827.071] is to protect minors from exploitation by anyone who induces them to appear in a sexual performance and shows that performance to other people.” A.R.S., 684 So.2d at 1387. In contrast, the child in this case did not show the photographs to anyone. Nor has she been charged with doing so. She stands accused of nothing more than taking photographs of herself and her boyfriend.
The fact that the delinquent child in A.R.S. showed the videotape to a third party is significant for the reasons given by the court and for another reason not mentioned in the opinion. The voluntary publication of the videotape to a third party completely undermined the delinquent child’s claim of privacy. Unlike the accused child in this case, A.R.S. was not in a good position to claim that his actions were protected by the constitutional right of privacy. Whatever privacy rights he had in the videotape he made of himself and another child engaging in an intimate act, he gave up entirely when she showed the tape to another person.
The majority concludes that the child in this case did not have a reasonable expectation that the photographs would remain private. To support this conclusion, the majority speculates about the many ways in which the photographs might have been revealed to others. The e-mail transmission might have been intercepted. The relationship might have ended badly. The boyfriend might have wanted to show the photo to someone else to brag about his sexual conquest. With all due respect, I think these arguments are beside the point. Certainly there are circumstances in which the photos might have been revealed unintentionally to third parties, but that would always be the case.
That the Internet is easily hacked, as the majority says, is not material. The issue is whether the child intended to keep the photos private, not whether it would be possible for someone to obtain the photos against her will and thereby to invade her privacy. The majority states that the child “placed the photos on a computer and then, using the internet, transferred them to another computer,” as if to suggest that she left them out carelessly for anyone to find. That is not what happened. She sent the photos to her boyfriend at his personal e-mail address, intending to share them only with him.
The method the child used to transmit the photos to her boyfriend carries some danger of disclosure, but so do others. If the child had taken a printed photograph and placed it in her purse, it might have been disclosed to third parties if her purse had been lost or stolen. If she had mailed it to her boyfriend in an envelope, it might have been revealed if the envelope had been delivered to the wrong address and mistakenly opened. As these examples illustrate, there is always a possibility that something a person intends to keep private will eventually be disclosed to others. But we cannot gauge the reasonableness of a person’s expectation of privacy merely by speculating about the many ways in which it might be violated.
The critical point in this case is that the child intended to keep the photographs private. She did not attempt to exploit *241 anyone or to embarrass anyone. I think her expectation of privacy in the photographs was reasonable. Certainly, an argument could be made that she was foolish to expect that, but the expectation of a sixteen year old cannot be measured by the collective wisdom of appellate judges who have no emotional connection to the event. Perhaps if the child had as much time to reflect on these events, she would have eventually concluded, as the majority did, that there were ways in which these photos might have been unintentionally disclosed. That does not make her expectation of privacy unreasonable.
For these reasons, I believe the court has committed a serious error. The statute at issue was designed to protect children, but in this case the court has allowed the state to use it against a child in a way that criminalizes conduct that is protected by constitutional right of privacy. In the process, the court has rendered a decision that expressly and directly conflicts with the decision of the Florida Supreme Court in B.B. on the same point of law. The child in that case was prosecuted under a different statute, but the constitutional principles are the same and they should be applied in the same way in this case.