62 So.3d 693 (2011)
L.A.P., Appellant,
v.
STATE of Florida, Appellee.
No. 2D09-5832.
District Court of Appeal of Florida, Second District.
June 10, 2011.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
BLACK, Judge.
L.A.P. challenges her judgment and sentence for violating section 384.24(2), Florida Statutes (2008), which makes it a third-degree felony for any person with knowledge that she is infected with HIV to have sexual intercourse with another person without informing the other person of her status as HIV positive. Following the denial of her motion to dismiss, L.A.P. pleaded to the charge but expressly reserved *694 the right to appeal the denial of her dispositive motion to dismiss.
We must determine whether the trial court erred in denying L.A.P.'s motion to dismiss the charge on the basis that L.A.P.'s actionsengaging in oral sex and digital penetration of the vagina without informing her partner of her HIV positive statusviolated section 384.24(2).[1] Because section 384.24(2) requires sexual intercourse, we agree with L.A.P. that the statute does not apply to her actions and we are compelled to reverse her conviction.
"Questions of statutory interpretation are subject to de novo review." Mendenhall v. State, 48 So.3d 740, 747 (Fla.2010). "As with any case of statutory construction, we begin with the `actual language used in the statute.'" Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007) (quoting Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla. 2006)). "This is because legislative intent is determined primarily from the statute's text." Id. (citing Maggio v. Fla. Dep't of Labor & Emp't Sec., 899 So.2d 1074, 1076-77 (Fla.2005)).
[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning . . . the statute must be given its plain and obvious meaning. Further, we are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.
Velez v. Miami-Dade Cnty. Police Dep't, 934 So.2d 1162, 1164-65 (Fla.2006) (citations omitted) (internal quotation marks omitted). We presume that the legislature knows the meaning of the words it uses and intends to employ those meanings in the statute. Overstreet v. State, 629 So.2d 125, 126 (Fla.1993).
There is no dispute that L.A.P. is HIV positive and that she failed to inform the victim of her status. Therefore, our resolution of this case hinges only on whether L.A.P. engaged in sexual intercourse. L.A.P. argues that sexual intercourse is an unambiguous phrase which must be given its plain meaning in the absence of a definition in chapter 384. We agree.
"[W]here a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense." State v. Brake, 796 So.2d 522, 528 (Fla.2001) (citing State v. Mitro, 700 So.2d 643, 645 (Fla.1997)). Further, "[i]n the absence of a statutory definition, it is permissible to look to case law or related statutory provisions that define the term." Id. (citing State v. Fuchs, 769 So.2d 1006, 1009 (Fla.2000)).
The only Florida statute that defines sexual intercourse is the incest statute, section 826.04, Florida Statutes (2008). It defines sexual intercourse as "the penetration of the female sex organ by the male sex organ. . . ." § 826.04. Other statutes include the phrase sexual intercourse within definitions. See § 827.071(1)(a), Fla. Stat. (2008) (defining "deviate sexual intercourse").
Importantly, this court has previously defined sexual intercourse as an act where *695 "a male's penis is placed inside the female's vagina." Green v. State, 765 So.2d 910, 913 (Fla. 2d DCA 2000). Other Florida courts have also defined the phrase. See State v. Bowden, 154 Fla. 511, 18 So.2d 478, 480 (1944) (concluding that "penetration of the female private parts by the private male organ" is an essential element of "carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years"); Williams v. State, 92 Fla. 125, 109 So. 305, 306 (1926) ("`Sexual intercourse means actual contact of the sexual organs of a man and woman and an actual penetration into the body of the latter.'" (citation omitted)); Lanier v. State, 443 So.2d 178, 183 (Fla. 3d DCA 1983) (defining sexual intercourse as "`actual contact of the sexual organs' of two persons and penetration of the body of another" (quoting Williams v. State, 109 So. at 306)), overruled on other grounds by State v. Lanier, 464 So.2d 1192 (Fla.1985).
The meaning of sexual intercourse within section 384.24(2) is clear and unambiguous. Courts should apply a literal interpretation of the language of a statute unless "to do so would lead to an unreasonable or ridiculous conclusion." Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984). The result here is neither unreasonable nor ridiculous; it is merely an application of the statutory language to L.A.P.'s actions. Thus, "there is no occasion for resorting to the rules of statutory interpretation and construction[,]" including consideration of the legislative history of the statute. Id. (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). However, even were we to do so, the result would remain the same. See Maddox v. State, 923 So.2d 442, 446 (Fla.2006).
"Since the [l]egislature specifically used words of distinct and clear meaning . . ., the courts `may not invade the province of the legislature and add words which change the plain meaning of the statute.'" Lanier, 443 So.2d at 183 (quoting Metro. Dade Cnty. v. Bridges, 402 So.2d 411, 414 (Fla.1981)). The legislature limited the application of section 384.24(2) to specific conduct. This court is bound to apply the statutory language and cannot "depart from the plain meaning of the language which is free from ambiguity." Maddox, 923 So.2d at 449-50 (quoting St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982)). The legislature may, of course, amend the statute to broaden its application. See, e.g., § 796.08(4), Fla. Stat. (2008); § 827.071(1)(g).
Accordingly, we reverse L.A.P.'s conviction and remand with directions that the trial court discharge her.
CASANUEVA, C.J., and LaROSE, J., Concur.
NOTES
[1] Section 384.24(2) provides:

It is unlawful for any person who has human immunodeficiency virus infection, when such person knows he or she is infected with this disease and when such person has been informed that he or she may communicate this disease to another person through sexual intercourse, to have sexual intercourse with any other person, unless such other person has been informed of the presence of the sexually transmissible disease and has consented to the sexual intercourse.