653 So.2d 1025 (1995)
The CITY OF NORTH MIAMI, Florida, Petitioner,
v.
Arlene KURTZ, Respondent.
No. 82836.
Supreme Court of Florida.
April 20, 1995.
Rehearing Denied July 5, 1995.
*1026 Thomas M. Pflaum, Micanopy, Pedro P. Echarte, Jr., Miami, and David M. Wolpin, North Miami, for petitioner.
Pamela A. Chamberlin of Mitrani, Rynor & Gallegos, P.A., Miami, for respondent.
OVERTON, Justice.
We have for review Kurtz v. City of North Miami, 625 So.2d 899 (Fla. 3d DCA 1993). After the district court issued that decision, it certified, in a separate order, the following question as one of great public importance:
DOES ARTICLE I, SECTION 23 OF THE FLORIDA CONSTITUTION PROHIBIT A MUNICIPALITY FROM REQUIRING JOB APPLICANTS TO REFRAIN FROM USING TOBACCO OR TOBACCO PRODUCTS FOR ONE YEAR BEFORE APPLYING FOR, AND AS A CONDITION FOR BEING CONSIDERED FOR EMPLOYMENT, EVEN WHERE THE USE OF TOBACCO IS NOT RELATED TO JOB FUNCTION IN THE POSITION SOUGHT BY THE APPLICANT?
This question involves the issue of whether applicants seeking government employment have a reasonable expectation of privacy under article I, section 23, as to their smoking habits.[1] We have jurisdiction. Art. I, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the certified question in the negative, finding that Florida's constitutional privacy provision does not afford Arlene Kurtz, the job applicant in this case, protection under the circumstances presented.
The record establishes the following unrefuted facts. To reduce costs and to increase productivity, the City of North Miami adopted an employment policy designed to reduce the number of employees who smoke tobacco. In accordance with that policy decision, the City issued Administrative Regulation 1-46, which requires all job applicants to sign an affidavit stating that they have not used tobacco or tobacco products for at least one year immediately preceding their application for employment. The intent of the regulation is to gradually reduce the number of smokers in the City's work force by means of natural attrition. Consequently, the regulation *1027 only applies to job applicants and does not affect current employees. Once an applicant has been hired, the applicant is free to start or resume smoking at any time. Evidence in the record, however, reflects that a high percentage of smokers who have adhered to the one year cessation requirement are unlikely to resume smoking.
Additional evidence submitted by the City indicates that each smoking employee costs the City as much as $4,611 per year in 1981 dollars over what it incurs for non-smoking employees. The City is a self-insurer and its taxpayers pay for 100% of its employees' medical expenses. In enacting the regulation, the City made a policy decision to reduce costs and increase productivity by eventually eliminating a substantial number of smokers from its work force. Evidence presented to the trial court indicated that the regulation would accomplish these goals.
The respondent in this case, Arlene Kurtz, applied for a clerk-typist position with the City. When she was interviewed for the position, she was informed of Regulation 1-46. She told the interviewer that she was a smoker and could not truthfully sign an affidavit to comply with the regulation. The interviewer then informed Kurtz that she would not be considered for employment until she was smoke-free for one year. Thereafter, Kurtz filed this action seeking to enjoin enforcement of the regulation and asking for a declaratory judgment finding the regulation to be unconstitutional.
In ruling on a motion for summary judgment, the trial judge recognized that Kurtz has a fundamental right of privacy under article I, section 23, of the Florida Constitution. The trial judge noted that Kurtz had presented the issue in the narrow context of whether she has a right to smoke in her own home. While he agreed that such a right existed, he concluded that the true issue to be decided was whether the City, as a governmental entity, could regulate smoking through employment. Because he found that there is no expectation of privacy in employment and that the regulation did not violate any provision of either the Florida or the federal constitutions, summary judgment was granted in favor of the City.
The Third District Court of Appeal reversed. The district court first determined that Kurtz' privacy rights are involved when the City requires her to refrain from smoking for a year prior to being considered to employment. The district court then found that, although the City does have an interest in saving taxpayers money by decreasing insurance costs and increasing productivity, such interest is insufficient to outweigh the intrusion into Kurtz' right of privacy and has no relevance to the performance of the duties involved with a clerk-typist. Consequently, the district court concluded that the regulation violated Kurtz's privacy rights under article I, section 23, of the Florida Constitution. We disagree.
Florida's constitutional privacy provision, which is contained in article I, section 23, provides as follows:
Right of privacy.  Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.
This right to privacy protects Florida's citizens from the government's uninvited observation of or interference in those areas that fall within the ambit of the zone of privacy afforded under this provision. Shaktman v. State, 553 So.2d 148 (Fla. 1989). Unlike the implicit privacy right of the federal constitution, Florida's privacy provision is, in and of itself, a fundamental one that, once implicated, demands evaluation under a compelling state interest standard. Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla. 1985). The federal privacy provision, on the other hand, extends only to such fundamental interests as marriage, procreation, contraception, family relationships, and the rearing and educating of children. Carey v. Population Serv. Int'l, 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977)
Although Florida's privacy right provides greater protection than the federal constitution, it was not intended to be a guarantee against all intrusion into the life of an individual. Florida Bd. of Bar Examiners *1028 re Applicant, 443 So.2d 71 (Fla. 1983). First, the privacy provision applies only to government action, and the right provided under that provision is circumscribed and limited by the circumstances in which it is asserted. Id. Further, "[d]etermining `whether an individual has a legitimate expectation of privacy in any given case must be made by considering all the circumstances, especially objective manifestations of that expectation.'" Stall v. State, 570 So.2d 257, 260 (Fla. 1990) (alteration in original) (quoting Shaktman, 553 So.2d at 153 (Fla. 1989) (Ehrlich, C.J., concurring)), cert. denied, 501 U.S. 1250, 111 S.Ct. 2888, 115 L.Ed.2d 1054 (1991). Thus, to determine whether Kurtz, as a job applicant, is entitled to protection under article I, section 23, we must first determine whether a governmental entity is intruding into an aspect of Kurtz's life in which she as a "legitimate expectation of privacy." If we find in the affirmative, we must then look to whether a compelling interest exists to justify that intrusion and, if so, whether the least intrusive means is being used to accomplish the goal.
In this case, we find that the City's action does not intrude into an aspect of Kurtz' life in which she has a legitimate expectation of privacy. In today's society, smokers are constantly required to reveal whether they smoke. When individuals are seated in a restaurant, they are asked whether they want a table in a smoking or non-smoking section. When individuals rent hotel or motel rooms, they are asked if they smoke so that management may ensure that certain rooms remain free from the smell of smoke odors. Likewise, when individuals rent cars, they are asked if they smoke so that rental agencies can make proper accommodations to maintain vehicles for nonsmokers. Further, employers generally provide smoke-free areas for non-smokers, and employees are often prohibited from smoking in certain areas. Given that individuals must reveal whether they smoke in almost every aspect of life in today's society, we conclude that individuals have no reasonable expectation of privacy in the disclosure of that information when applying for a government job and, consequently, that Florida's right of privacy is not implicated under these unique circumstances.
In reaching the conclusion that the right to privacy is not implicated in this case, however, we emphasize that our holding is limited to the narrow issue presented. Notably, we are not addressing the issue of whether an applicant, once hired, could be compelled by a government agency to stop smoking. Equally as important, neither are we holding today that a governmental entity can ask any type of information it chooses of prospective job applicants.
Having determined that Kurtz has no legitimate expectation of privacy in revealing that she is a smoker under the Florida constitution, we turn now to her claim that the regulation violates her rights under the federal constitution. As noted, the federal constitution's implicit privacy provision extends only to such fundamental interests as marriage, procreation, contraception, family relationships, and the rearing and educating of children. Carey. Clearly, the "right to smoke" is not included within the penumbra of fundamental rights protected under that provision. Grusendorf v. City of Oklahoma City, 816 F.2d 539 (10th Cir.1987) (the act of smoking a cigarette does not rise to the level of a fundamental right). Moreover, even if we were to find that some protected interest under the federal constitution were implicated so as to require a rational basis for the regulation we would still find the regulation to be constitutional. Kelley v. Johnson, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976) (when assuming a liberty interest exists in an employment regulation, regulation must be reviewed under a rational basis test). As acknowledged by the district court, the City has a legitimate interest in attempting to reduce health insurance costs and to increase productivity. On these facts, the City's policy cannot be deemed so irrational that it may be branded arbitrary. Kelley. In fact, under the special circumstances supported by the record in this case, we would find that the City has established a compelling interest to support implementation of the regulation. As previously indicated, the record reflects that each smoking employee costs the City as much as $4,611 per year in *1029 1981 dollars over what it incurs for non-smoking employees; that, of smokers who have adhered to the one year cessation requirement, a high percentage are unlikely to resume smoking; and that the City is a self-insurer who pays 100% of its employees' medical expenses. We find that the elimination of these costs, when considered in combination with the other special circumstances of this case, validates a compelling interest in the City's policy of gradually eliminating smokers from its work force. We also find that the City is using the least intrusive means in accomplishing this compelling interest because the regulation does not prevent current employees from smoking, it does not affect the present health care benefits of employees, and it gradually reduces the number of smokers through attrition. Thus, we find the regulation to be constitutional under both the federal and Florida constitutions.
For the reasons expressed, we answer the question in the negative, finding that Florida's constitutional privacy provision does not afford the applicant, Arlene Kurtz, protection because she has no reasonable expectation of privacy under the circumstances of this case. Accordingly, we quash the district court's decision, and we remand this case with directions that the district court of appeal affirm the trial court judgment.
It is so ordered.
GRIMES, C.J., and HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW, J., concurs.
KOGAN, Justice, dissenting.
As the majority itself notes, job applicants are free to return to tobacco use once hired. I believe this concession reveals the anti-smoking policy to be rather more of a speculative pretense than a rational governmental policy. Therefore I would find it unconstitutional under the right of due process. See Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991).
The privacy issue is more troublesome, to my mind. There is a "slippery-slope" problem here because, if governmental employers can inquire too extensively into off-job-site behavior, a point eventually will be reached at which the right of privacy under article I, section 23 clearly will be breached. An obvious example would be an inquiry into the lawful sexual behavior of job applicants in an effort to identify those with the "most desirable" lifestyles. Such an effort easily could become the pretext for a constitutional violation. The time has not yet fully passed, for example, when women job applicants have been questioned about their plans for procreation in an effort to eliminate those who may be absent on family leave. I cannot conceive that such an act is anything other than a violation of the right of privacy when done by a governmental unit.
Health-based concerns like those expressed by the City also present a definite slippery slope to the courts. The time is fast approaching, for example, when human beings can be genetically tested so thoroughly that susceptibility to particular diseases can be identified years in advance. To my mind, any governmental effort to identify those who might eventually suffer from cancer or heart disease, for instance, itself is a violation of bodily integrity guaranteed by article I, section 23. Moreover, I cannot help but note that any such effort comes perilously close to the discredited practice of eugenics.
The use of tobacco products is more troubling, however. While legal, tobacco use nevertheless is an activity increasingly regulated by the law. If the federal government, for instance, chose to regulate tobacco as a controlled substance, I have no trouble saying that this act alone does not undermine anyone's privacy right. However, regulation is not the issue here because tobacco use today remains legal. The sole question is whether the government may inquire into off-job-site behavior that is legal, however unhealthy it might be. In light of the inherently poor fit between the governmental objective and the ends actually achieved, I am more inclined to agree with the district court that the right of privacy has been violated here. I might reach a different result if the objective were better served by the means chosen.
SHAW, J., concurs.
NOTES
[1] Notably, because Florida's constitutional privacy provision applies only to government action, the provision would not be implicated if a job applicant was applying for a position with a private employer.