784 So.2d 585 (2001)
The BOARD OF COUNTY COMMISSIONERS OF PALM BEACH COUNTY, Appellant,
v.
D.B., Appellee.
No. 4D00-2590.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
*586 Andrew J. McMahon, Chief Assistant County Attorney, West Palm Beach, for appellant.
*587 No appearance for appellee.
HAZOURI, J.
On July 27, 1999, the Board of County Commissioners of Palm Beach County adopted Ordinance No. 99-18 (1999), as amended and codified in the "Adult Entertainment Code." The ordinance states that it was enacted "to ensure that minors are not performing in adult entertainment establishments." The ordinance requires that performers in the adult entertainment business obtain worker identification cards prior to performing. In order to obtain the worker identification card, the applicant must complete an application, which requires that the applicant provide to the Public Safety Department the following information:
(1) The applicant's name and any other names (including "stage" names) or aliases used by the applicant;
(2) The applicant's date of birth;
(3) The applicant's height and weight;
(4) A photograph of the applicant, taken by the Public Safety Department to be affixed to the worker identification card;
(5) The applicant's present residence address and telephone number;
(6) The applicant's Social Security Number; and
(7) Proof that the applicant is at least eighteen (18) years old by submittal of two (2) of the following:
a. Original birth certificate;
b. Original passport or visa which includes date of birth;
c. Original driver's license;
d. Original Florida ID Card;
e. Any other original photo ID which includes the applicant's social security number or date of birth.
Performers are required to keep the identification card on their person or with their personal belongings when performing. A performer who violates the ordinance is guilty of a misdemeanor of the second degree.
The adult entertainment establishment is required to retain a photocopy of all identification cards issued to performers at the establishment. Adult entertainment establishments are also prohibited from allowing persons without an identification card from performing, unless that person is a "featured performer" and 18 years of age or older. Adult entertainment establishments that fail to comply are subject to civil prosecution as provided in Palm Beach County Ordinance No. 90-45.
On September 10, 1999, D.B., an adult entertainment performer, filed a complaint for a declaratory judgment and injunction, challenging the constitutionality of the ordinance on the basis that it violates her right to privacy under article I, section 23, of the Florida Constitution. D.B. alleged that she had a real, present and legitimate fear that those who patronize adult entertainment establishments could contact her outside of her work premises with the desire to harass, harm, sexually assault or stalk her. She alleged that the public disclosure of her stage name, true name and photograph through Florida's Public Records Act, Chapter 119, Florida Statutes (1999), would allow those who may want to harm her to readily ascertain her whereabouts. She alleged that performers have a reasonable, necessary and legitimate expectation of privacy in their personal data and that the County does not have a compelling state interest to intrude upon her privacy, but even if it did, the County has not used the least intrusive manner to achieve that interest.
In its answer, the County argued that D.B. does not have a state constitutional right to keep her identity secret. The *588 County further argued that it has a compelling interest in protecting minors from exploitation and abuse and in maintaining a record of the identities of adult entertainment performers in an industry that has been known to spill over into illegal activities, which outweighs the minimal intrusion on D.B.'s right to privacy.
At the conclusion of a non-jury trial, the trial court found that "although the County has a compelling interest in preventing under age performers from exploitation and harmful sexual conduct," D.B. has a reasonable and legitimate expectation of privacy in her personal information. The trial court held that Palm Beach County Ordinance No. 99-18 (1999), was unconstitutional as a violation of article I, section 23, of the Florida Constitution and permanently enjoined the County from enforcing the ordinance.
On appeal, the County argues that adult entertainment performers do not have a reasonable expectation that they can keep their identity and the documentation verifying their age secret from the government. Thus, the County contends that the ordinance at issue does not infringe upon an adult entertainment performer's right to privacy as set forth in the Florida Constitution. We agree and reverse.
The Florida Constitution sets forth a right to privacy in article I, section 23, which provides:
Right of privacy.Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.
Florida's right to privacy is much broader than that found in the Federal Constitution. Winfield v. Div. of Pari-Mutuel Wagering, 477 So.2d 544, 548 (Fla.1985). The federal right protects only such fundamental interests as marriage, procreation, contraception, family relationships, and the rearing and educating of children. Carey v. Population Serv. Int'l, 431 U.S. 678, 684-85, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977). Florida's right to privacy "embraces more privacy interests, and extends more protection to the individual in those interests, than does the Federal Constitution." In re T.W., 551 So.2d 1186, 1192 (Fla.1989).
Florida's right to privacy is a fundamental right that requires evaluation under a compelling state interest standard. However, before the right to privacy attaches and the standard is applied, a reasonable expectation of privacy must exist. Winfield, 477 So.2d at 547. Therefore, the threshold issue is whether prospective adult entertainment performers have a reasonable expectation that they can refuse to disclose their identity and the documentation verifying their age to the County.
To determine whether D.B., as an applicant for a worker identification card, is entitled to protection under article I, section 23, Florida Constitution, this Court must first determine whether the County, through the ordinance at issue, is intruding into an aspect of D.B.'s life in which she has a "legitimate expectation of privacy." See City of North Miami v. Kurtz, 653 So.2d 1025, 1028 (Fla.1995). Whether an individual has a legitimate expectation of privacy is determined by considering all the circumstances, especially objective manifestations of that expectation. Id.
The issue presented in Kurtz was whether applicants seeking government employment have a reasonable expectation of privacy in their smoking habits under article I, section 23. Arlene Kurtz applied *589 for a clerk-typist position with the City of North Miami Beach. The City of North Miami Beach had adopted an employment policy designed to reduce the number of employees who smoked tobacco. In accordance with that policy decision, the City issued Administrative Regulation 1-46, which required all job applicants to sign an affidavit stating that they had not used tobacco or tobacco products for at least one year immediately preceding their application for employment. The intent of the regulation was to gradually reduce the number of smokers in the City's work force by means of natural attrition. When Kurtz was interviewed for the position, she was informed of Regulation 1-46. She told the interviewer that she was a smoker and could not truthfully sign the affidavit to comply with the regulation. The interviewer then informed Kurtz that she would not be considered for employment until she was smoke-free for one year. Thereafter, Kurtz filed an action seeking to enjoin enforcement of the regulation and asking for a declaratory judgment finding the regulation to be unconstitutional as a violation of her fundamental right to privacy under article I, section 23, of the Florida Constitution.
The trial court found that there was no expectation of privacy in employment and the regulation did not violate any provisions of either the Florida or federal constitution and granted summary judgment in favor of the City. The Third District Court of Appeal reversed finding that Kurtz' privacy rights were involved and concluded the regulation violated Kurtz' privacy rights under article I, section 23, of the Florida Constitution. Our supreme court disagreed and reversed, holding that the right to privacy was not implicated. The supreme court stated:
In this case, we find that the City's action does not intrude into an aspect of Kurtz' life in which she has a legitimate expectation of privacy. In today's society, smokers are constantly required to reveal whether they smoke. When individuals are seated in a restaurant, they are asked whether they want a table in a smoking or non-smoking section. When individuals rent hotel or motel rooms, they are asked if they smoke so that management may ensure that certain rooms remain free from the smell of smoke odors. Likewise, when individuals rent cars, they are asked if they smoke so that rental agencies can make proper accommodations to maintain vehicles for non-smokers. Further, employers generally provide smoke-free areas for non-smokers, and employees are often prohibited from smoking in certain areas. Given that individuals must reveal whether they smoke in almost every aspect of life in today's society, we conclude that individuals have no reasonable expectation of privacy in disclosure of that information when applying for a government job and, consequently, that Florida's right of privacy is not implicated under these unique circumstances.
Id. at 1028.
As in Kurtz, Florida's right to privacy is not implicated in this case. An adult entertainment performer does not have a reasonable expectation of privacy in the information required to obtain the worker identification card. Individuals are routinely required to disclose identifying information to the government, i.e., when applying for a social security card, permanent residency, occupational license, government assistance or when filing taxes. Various Florida statutes require that individuals provide some of the same information required by the County ordinance. See, e.g., § 322.08, Fla. Stat. (1999) (driver's license application requires name, social security number, residence, mailing address, proof of birth date, proof of identity *590 and photograph); § 741.04, Fla. Stat. (1999) (marriage license application requires social security number or other identifying number, age and sex of applicant). The only additional information required by the ordinance for the worker identification card that is not required by the statute for a driver's license is the applicant's stage name. The very fact that an adult entertainer may use a stage name while performing in public dispels any privacy right in the stage name. As this court previously stated in State v. Conforti, 688 So.2d 350, 358-59 (Fla. 4th DCA 1997):
Although a person's subjective expectation of privacy is one consideration in deciding whether a constitutional right attaches, the final determination of an expectation's legitimacy takes a more global view, placing the individual in the context of a society and the values that the society seeks to foster. The right to privacy has not made each person a solipsistic island of self-determination.
(Footnote omitted).
The trial court recognized that each separate item of information the ordinance requires disclosed does not rise to a violation of an individual's expectation of privacy. Nevertheless, the trial court found that there was an invasion of privacy because the information is compiled in a database and is subject to disclosure under Florida's Public Records Act, Chapter 119, Florida Statutes (1999). The trial court was not concerned that the County had invaded D.B.'s right to privacy by requiring her to provide identifying information, but rather that the Public Records Act invaded D.B.'s right to privacy by making this information available to the public at large. The trial court was not concerned with governmental intrusion but rather with public intrusion. In reaching its decision, the trial court relied on N.W. Enterprises, Inc. v. City of Houston, 27 F.Supp.2d 754 (S.D.Tex.1998).
In N.W. Enterprises, the court considered the constitutionality of a Houston City Council ordinance requiring entertainers in adult establishments to obtain a permit. The purpose of the ordinance was to prevent those individuals who were underage or who had a propensity to engage in unlawful acts associated with adult entertainment from working in the sexually oriented business. In order to obtain a permit, entertainers were required to disclose their name, stage name, social security number, height, weight, eye and hair color, tattoo descriptions, driver's license number, home address and phone number. Id. at 840-41.
Plaintiffs argued that the permit requirement constituted an invasion of privacy because information provided in the permit was available to the public under the Texas Public Information Act (TPIA). The court agreed and stated:
The Court is persuaded that Plaintiffs' concerns about public disclosure of the permit application information are not inconsequential. Adult entertainers may anonymously (or through stage names) put their bodies on display in front of strangers, but these actions do not imply a willingness to publicize the entertainers' personal information through which customers or other private persons may trace the entertainers to their homes or otherwise invade their privacy without permission. The fact that an entertainer is willing to dance publicly or a manager is willing to be employed in a sexually oriented business that deals with the public, or the fact that a determined harasser or stalker might conceivably follow an entertainer home after she leaves work, does not mean that adult entertainers and managers have voluntarily sacrificed all privacy *591 rights and need for safety protections.
Id. at 842-43. The court declared the information confidential under Texas law and exempted it from disclosure under the TPIA.
In N.W. Enterprises, plaintiffs also argued that the permit requirement constituted an invasion of privacy, because it allowed the City to collect personal information about individuals working in sexually oriented businesses. However, the court found that the City could collect such personal information. The court concluded that there was no legal basis for challenging the City's possession of such information. Id. at 843.
The trial court's reliance on N.W. Enterprises, when finding that the County ordinance violates D.B.'s right to privacy, is misplaced. Florida's right to privacy provision protects individuals from governmental intrusion, not public intrusion. See Art. I, § 23, Fla. Const.; Kurtz, 653 So.2d at 1028. There can be no violation of a right to privacy where there has been no governmental intrusion.
Additionally, unlike Texas, in Florida the right to privacy is expressly subservient to the Public Records Act. See Forsberg v. Hous. Auth. of City of Miami Beach, 455 So.2d 373, 374 (Fla.1984); Douglas v. Michel, 410 So.2d 936, 939 (Fla. 5th DCA 1982); Mills v. Doyle, 407 So.2d 348, 351 (Fla. 4th DCA 1981). Florida's right to privacy provision states that the right to privacy "shall not be construed to limit the public's right of access to public records." Art. I, § 23, Fla. Const. Courts cannot judicially create any exceptions, or exclusions to Florida's Public Records Act. Douglas, 410 So.2d at 940. Certain personal information for certain types of occupations are exempted from public disclosure by section 119.07(3)(i), Florida Statutes (1999). Adult entertainment performer is not one of the exempted occupations.
There is no right to privacy in public records in which there is no legitimate expectation of privacy from governmental intrusion. As previously noted, adult entertainment performers do not have a legitimate expectation that they can keep their identity from the government. The trial court erred when it found the ordinance unconstitutional on the basis that it violated Florida's right to privacy. We, therefore, reverse and remand and direct the trial court to enter judgment for the County.
Reversed.
STONE and KLEIN, JJ., concur.