Dear Mr. Green:
As Executive Director of the St. Johns River Water Management District, you have requested my opinion on substantially the following questions:
1. May the St. Johns River Water Management District adopt a policy prohibiting smoking by all persons, including district employees, who may be present at any location on its headquarters and service centers property pursuant to its proprietary right as a landowner to manage its property, or does the Clean Indoor Air Act preempt such authority?
2. May the district adopt a policy prohibiting tobacco use by its employees while they are being paid by the district for their time regardless of physical location, including outdoor locations and property not owned by the district?
In sum:
The regulation of smoking is preempted to the state pursuant to section 386.209, Florida Statutes, and the St. Johns River Water Management District may not adopt a policy prohibiting smoking or tobacco use that is broader than the terms of the "Florida Clean Indoor Air Act." Thus:
1. The St. Johns River Water Management District may not adopt a regulation prohibiting outdoor smoking by all persons on district property.
2. However, the St. Johns River Water Management District may adopt a personnel policy prohibiting tobacco use by its employees while they are being paid by the District for their time regardless of physical location, including outdoor locations and property not owned by the district.
According to information supplied with your letter, the St. Johns River Water Management District is considering approving a policy that would prohibit tobacco use by all persons present at its headquarters and service centers, which would include the outdoor areas, such as sidewalks and parking lots. In addition, in an effort to promote wellness, the district is considering approving a personnel policy that would prohibit tobacco use by its employees during working hours regardless of physical location. This prohibition would extend outdoors while in the district's employ, but it would not prohibit smoking when an employee is not being paid for his or her time by the district.[1]
Question One
You have asked whether section 386.209, Florida Statutes, precludes the district from adopting a policy that would prohibit smoking in outdoor areas that are district property, e.g., parking lots and walkways. Specifically, you have asked whether the district's proprietary authority to manage its property would support such a policy, notwithstanding section 386.209, Florida Statutes.
Prior to the most recent legislative session, section 386.209, Florida Statutes, provided:
"Regulation of smoking preempted to state. — This part expressly preempts regulation of smoking to the state and supersedes any municipal or county ordinance on the subject."[2]
Effective July 1, 2011, section 386.209, Florida Statutes, as amended by Chapter 2011-108, Laws of Florida, has been amended to read as follows:
"Regulation of smoking preempted to state. — This part expressly preempts regulation of smoking to the state and supersedes any municipal or county ordinance on the subject; however, schooldistricts may further restrict smoking by persons on school districtproperty." (underlined text represents amendment).
This amendment and others proposed during the 2011 legislative session were introduced to clearly express the Legislature's intent that the preemption contained in section 386.209, Florida Statutes, extends to indoor and outdoor smoking.[3] Further, proprietary authority, such as the authority school districts undoubtedly possess to manage their own property, does not counter the broad preemption embodied in section 386.209, Florida Statutes.[4] To conclude otherwise would make the 2011 amendment to section 386.209, Florida Statutes, by Chapter 2011-108, Laws of Florida, pointless.[5]
In short, a legislative amendment to section 386.209, Florida Statutes, was necessary to authorize school districts to restrict outdoor smoking on school district property. In light of the Legislature's implicit recognition that a special district's proprietary powers would not overcome the preemption language of section 386.209, Florida Statutes, it is my opinion that a similar legislative change would be necessary to allow the district to adopt its proposed outdoor smoking policy. Thus, the St. Johns River Water Management District is not authorized to adopt a policy prohibiting outdoor smoking by all persons on district property.
Question Two
You have also asked whether the St. Johns River Water Management District may adopt a policy prohibiting tobacco use by its employees while they are being paid by the district for their time, regardless of physical location, including outdoor locations and property not owned by the district. Your letter suggests that the general employment power granted to the district by section 373.083, Florida Statutes, and implied powers attendant to that statute may provide the authority necessary for such a regulation.
Members of the governing board of Florida's water management districts must employ
"[a]n executive director, ombudsman, and such engineers, other professional persons, and other personnel and assistants as it deems necessary and under such terms and conditions as it maydetermine and to terminate such employment."[6] (e.s.)
In addition, section 373.083, Florida Statutes, providing the general powers and duties of water management district governing boards specifically identifies several broad powers "[i]n addition to other powers and duties allowed it by law . . ." including the power to "appoint and remove agents and employees, including specialists and consultants."[7] Section 373.044, Florida Statutes, authorizes the governing board of the district to adopt rules, pursuant to Chapter 120, Florida Statutes, to implement the provisions of Chapter 373, Florida Statutes, including rules "relating to personnel matters[.]" The district, as a statutorily created entity, is authorized to exercise such powers as are expressly granted by statute or necessarily implied to make the express power effective.[8]
You have suggested that the case of Kurtz v. City of NorthMiami, [9] offers support for the district's authority to adopt the rule you propose as an employee regulation. In theKurtz case, which predates the adoption of Article X, section 20, Florida Constitution, the Third District Court of Appeal determined that the Florida Clean Indoor Air Act did not preempt a city regulation requiring all job applicants to sign an affidavit stating that they had not used tobacco or tobacco products for at least one year immediately preceding application. The objective of the city's regulation was to reduce health costs and the amount of lost productivity due to absenteeism. While acknowledging that the intent of the state act was to provide a uniform code restricting indoor smoking in public places and that it contained language preempting all local ordinances dealing with the restriction of indoor smoking, the court concluded that this municipal regulation "only attempts to regulate the City's employment practices and is not concerned with regulating indoor smoking" since employees were free to resume smoking after they were hired. Once the court determined that the regulation of smoking was not the intention of the rule and thus, preemption was not an issue, it considered whether a job applicant's privacy rights under the State Constitution were implicated when the city required her to refrain from smoking for a year prior to being considered for employment. The District Court of Appeal concluded that the city's interests were not sufficient to reach the private lawful conduct of potential employees. However, the court certified to the Florida Supreme Court the question of whether applicants seeking government employment have a reasonable expectation of privacy under Article I, section 23, Florida Constitution, regarding their smoking habits.
The Florida Supreme Court answered the certified question in the negative, stating that "[g]iven that individuals must reveal whether they smoke in almost every aspect of life in today's society, we conclude that individuals have no reasonable expectation of privacy in the disclosure of that information when applying for a government job and, consequently, that Florida's right of privacy is not implicated under these unique circumstances."[10]
The action the district proposes, i.e., the prohibition of employee tobacco use while employed by the district, appears to represent a condition of employment, rather than a broader regulation applicable generally which, as discussed in Question One, would apply to district employees and the general public. In support of this conclusion, I note that the district possesses the express power to employ staff under the conditions it determines are appropriate.
In sum, it is my opinion that the St. Johns River Water Management District, as a public employer, is authorized by sections 373.079 and 373.044, Florida Statutes, to adopt personnel rules prohibiting tobacco use by its employees while they are being paid by the district for their time regardless of physical location, including outdoor locations and property not owned by the district.
Sincerely,
Pam Bondi
Attorney General
PB/t
[1] Conversations with the district general counsel's office indicate that you have been delegated the authority of the governing board of the district pursuant to s. 373.079(4)(a), Fla. Stat., to develop policies for the terms and conditions of employment for district employees and for the management of district real property. Thus, this request is submitted in your capacity as executive director rather than on behalf of the governing board of the district. And see s. 373.083(5), Fla. Stat.
[2] Section 386.209, Fla. Stat. 2010.
[3] This conclusion is consistent with Attorney General Opinions which similarly construed section 386.209 as preempting outdoor smoking prohibitions. This office has read this statute and the broad language of the act to preclude a school district from regulating smoking on school property other than as provided in the Florida Clean Indoor Air Act (Op. Att'y Gen. Fla. 10-53 [2010]); to prohibit a municipality from regulating smoking outdoors in a public park (Op. Att'y Gen. Fla. 05-63 [2005]); and to preclude counties and municipalities from enforcing the act in light of the preemption language and the comprehensive enforcement powers conferred upon state agencies in the act (Op. Att'y Gen. Fla. 92-89 [1992]).
[4] Cf. Op. Att'y Gen. Fla. 97-44 (1997), discussing the powers of school districts and stating that while school districts are constitutional entities they are not immune from legislative control.
[5] See, e.g., Sharer v. Hotel Corporation of America,144 So. 2d 813, 817 (Fla. 1962) (it should never be presumed that the Legislature intended to enact purposeless and therefore useless, legislation); Neu v. Miami Herald PublishingCompany, 462 So. 2d 821 (Fla. 1985) (in construing legislation, courts should not assume Legislature acted pointlessly); Ops. Att'y Gen. Fla. 00-46 (2000), 98-83 (1998), 97-78 (1997).
[6] Section 373.079(4)(a), Fla. Stat.
[7] Section 373.083(1), Fla. Stat.
[8] See State ex rel. Greenberg v. Florida State Board ofDentistry, 297 So. 2d 628 (Fla. 1st DCA 1974), cert.dismissed, 300 So. 2d 900 (Fla. 1974); City of Cape Coral v.GAC Utilities, Inc., of Florida, 281 So. 2d 493 (Fla. 1973).Cf. Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976).
[9] 625 So. 2d 899 (Fla. 3d DCA 1993).
[10] See City of North Miami v. Kurtz,653 So. 2d 1025, 1028 (Fla. 1995).