PER CURIAM.
The State appeals the trial court order dismissing two counts of the delinquency petition charging A.R.S. with violation of sections 827.071(2) and (3), Florida Statutes (1995), on the grounds of equal protection and the right to privacy. We reverse on both grounds.
A delinquency petition was filed on October 9, 1995, charging appellee with the following: Count I — knowingly employing, authorizing, or inducing a child of less than 18 years of age to engage in a sexual performance, contrary to section 827.071(2); Count II — knowingly producing, directing, or promoting a performance including sexual conduct by a child of less than 18 years of age, contrary to section 827.071(3); and Count III — possessing a videotape of a sexual performance by a child with the intent to promote presentation of the videotape, contrary to section 827.071(4). The charges stem from an incident of September 5, 1994, in which fifteen-year-old A.R.S. videotaped himself and a younger minor (M.B., a female) engaged in nude, sexual foreplay. A.R.S. also is alleged to have retained possession of the videotape and to have played the videotape for a third .person when M.B. was not present.
Appellee filed a motion to dismiss the delinquency petition, which argued (1) that the statutes were applied to A.R.S. in a gender-discriminatory fashion that violated his constitutional right to equal protection and (2) that the statutes are unconstitutional as applied to A.R.S. because they violate his right to privacy under the Florida Constitution. At the hearing on the motion held January 4, 1996, appellee primarily relied on B.B. v. State, 659 So.2d 256 (Fla.1995). The State argued that the compelling interest in the statutes was to protect children from exploitation and distinguished B.B. v. State. The court issued an order on January 5, 1995, that dismissed Counts I and II of the delinquency petition “under the facts of this case, considering the ages of the children and based on equal protection” and cited B.B. v. State. Count III remains pending below.
The trial court’s order dismissed Counts I and II of the petition expressly on the ground of equal protection in response to appellee’s argument that the State’s decision to charge appellee and not the female minor involved in the incident constituted gender-based discrimination. The Supreme Court has stated that the government has broad discretion in determining whom to prosecute, and this discretion “rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review”; therefore, the “courts are properly hesitant to examine the decision whether to prosecute.” Wayte v. United States, 470 U.S. 598, 607, 608, 105 S.Ct. 1524, 1530, 1531, 84 L.Ed.2d 547 (1985). See generally United States v. Armstrong, — U.S. —, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (reviewing requirements for selective prosecution claims). “The mere failure to prosecute all offenders is no ground for a claim of denial of equal protection.” Bell v. State, 369 So.2d 932, 934 (Fla.1979). Prosecutorial discretion is not unfettered, however, and “ ‘[selectivity ⅛ the enforcement of criminal laws is ... subject to constitutional constraints.’ ” Wayte, 470 U.S. at 608, 105 S.Ct. at 1531 (citing United States v. Batchelder, 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755 (1979)). Deliberately basing the decision to prosecute upon race, religion, or other “unjustifiable” classification is prohibited. Id. Accord Bell, 369 So.2d at 934 (To constitute a denial of equal protection, selective or discriminatory *1385 prosecution “must be deliberately based on an unjustifiable standard such as race, religion, or other arbitrary classification.”); Barber v. State, 564 So.2d 1169, 1170 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla. 1990).
In making a claim of selective prosecution, a defendant bears a heavy burden.
To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing at least ‘prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government’s discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.
State v. Parrish, 567 So.2d 461, 465 (Fla. 1st DCA 1990) (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir.1974)), review denied, 581 So.2d 167 (Fla.1991). See also Wayte, 470 U.S. at 608, 105 S.Ct. at 1531 (“[PJetitioner is require[d] to show both that the passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose.”). The second prong of the test requires the defendant to “demonstrate discriminatory purpose” by establishing that “(1) he was singled out for prosecution although the government was aware that others had violated the law, and (2) the government had followed unusual discretionary procedures in deciding to prosecute.” Parrish, 567 So.2d at 467. See U.S. v. Redondo-Lemos, 955 F.2d 1296, 1301 (9th Cir.1992) (“It is not enough for the court to be convinced that the prosecutor’s enforcement decisions have a discriminatory effect; it must also find that the prosecutor was motivated by a discriminatory purpose in the very case before it.”). A defendant must establish the selective prosecution claim by clear and convincing evidence. Parrish, 567 So.2d at 464. In review, an appellate court is required to “ ‘undertake a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.’ ” Id. at 467.
In reviewing a ruling on a motion to dismiss, this court must view the evidence in a light most favorable to the state. State v. Parrish, 567 So.2d 461, 465 (Fla. 1st DCA 1990) (“[A]ll inferences attendant upon the evidence offered in support of a motion to dismiss will be resolved against the defendant.”), review denied, 581 So.2d 167 (Fla. 1991). In the instant case, appellee argued that both he and M.B. were similarly situated because she also participated in operating the video camera and the State’s decision to prosecute A.R.S. was based on appellee’s gender. Appellee failed to meet the first prong of the selective prosecution test as to Count II of the delinquency petition. The second count alleged that appellee violated section 827.071(3), Florida Statutes, which provides as follows in pertinent part:
A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age.
The statute defines “promote” as follows: “to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same.” § 827.071(l)(e), Fla.Stat. (emphasis added). As the State explained to the court below, the charge in Count II was based on the allegation that appellee played the videotape for a friend without M.B. in attendance. Appellee thus failed to show that others similarly situated were not prosecuted on this charge. In regard to Count I, even if we assume that appellee met the first prong of the selective prosecution showing, he failed to establish that the prosecutor’s intent was to discriminate on an improper basis. U.S. v. Redondo-Lemos, 955 F.2d 1296,1301 (9th Cir.1992) (stating that judge’s observations of “what he believed to be a disparity in the prosecutor’s plea bargaining practice [with regard to males and females] provides an insufficient basis for finding invidious discrimination” and stating that a finding of the intent to discriminate “must be *1386 made on the basis of a properly noticed evidentiary hearing where all affected parties have an opportunity to present evidence and otherwise participate”). At the hearing below, the State countered appellee’s claim that he was being prosecuted because he is male by providing several gender-neutral reasons for charging appellee alone. See U.S. v. Redondo-Lemos, 27 F.3d 439, 442 (9th Cir. 1994) (“[T]he prima facie case does no more than shift to the party accused of discrimination, the burden of articulating a legitimate, non-diseriminatory explanation for its conduct.” “At that point the presumption of discriminatory intent raised by the prima facie case ‘simply droptped] out of the picture.’”) Here, appellee failed to carry his evidentiary burden. Id. (“Where the evidence behind the prima facie showing is strong, it may, standing alone, justify a finding of intentional discrimination. But where the prima facie case is based on minimal evidence, it cannot.”). Taking all the evidence in the light most favorable to the state, we reverse the trial court’s ruling that the charges in this ease stemmed from selective prosecution which violated appellee’s right to equal protection.
Next we turn to the State’s claim that the trial court erred in dismissing Counts I and II of the delinquency petition on the ground that sections 827.071(2) and (3) are unconstitutional as applied to cases in which both the victim and defendant are minors. The State argues that the statute furthers the compelling state interest of protecting minors from being exploited by anyone, not only an adult, who induces them to engage in a “sexual performance,” even when both victim and defendant are minors. Appellee, on the other hand, argues that prosecuting him under the statute violates his Florida constitutional right to privacy and thus that sections 827.071(2) and (3) are unconstitutional as applied to consensual acts between minors. Appellee relies on B.B. v. State, 659 So.2d 256, 257 (Fla.1995), for this assertion, and the trial court cited B.B. in its order dismissing two of the three counts of the delinquency petition.
The supreme court in B.B. v. State[1] held that section 794.05, Florida Statutes, which prohibits “unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years,” is unconstitutional under Article I, Section 23 of the Florida Constitution as applied to a minor. The court concluded that “Florida’s clear constitutional mandate in favor of privacy is implicated in B.B., a sixteen-year-old, engaging in carnal intercourse.” B.B., 659 So.2d at 259. The court explained its holding in pertinent part as follows:
We there [Jones v. State[2], 640 So.2d 1084 (Fla.1994)] held, and reiterate here, that the rights of privacy that have been granted to minors do not vitiate the legislature’s efforts to protect minors from the conduct of others. “‘Sexual exploitation of children is a particularly pernicious evil that sometimes may be concealed behind the zone of privacy- The state unquestionably has a very compelling interest in preventing such conduct.’ ”
While we do recognize that Florida does have an obligation and a compelling interest in protecting children from sexual activity before their minds and bodies have sufficiently matured to make it appropriate, safe, and healthy for them and that this interest pertains to one minor engaging in carnal intercourse with another, the crux of the State’s interest in an adult-minor situation is the prevention of exploitation of the minor by the adult. Whereas in this minor-minor situation, the crux of the State’s interest is in protecting the *1387 minor from the sexual activity itself for reasons of health and quality of life. Having distinguished between the State’s interest in the adult-minor situation and in the minor-minor situation, we conclude that the State has failed to demonstrate in this minor-minor situation that the adjudication of B.B. as a delinquent through the application of section 794.05 is the least intrusive means of furthering what we have determined to be the State’s compelling interest.
Id. at 259 (citations omitted).
The instant case, however, is distinguishable from B.B. v. State. Appellee was charged in the delinquency petition with violation of sections 827.071(2) and (3), which provide as follows:
(2) A person is guilty of the use of a child in a sexual performance if, knowing the character and content thereof, he employs, authorizes, or induces a child less than 18 years of age to engage in a sexual performance or, being a parent, legal guardian, or custodian of such child, consents to the participation by such child in a sexual performance. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
As stated above, the State’s compelling interest in a minor-minor situation in regard to the statute in B.B., section 794.05, is “protecting the minor from the sexual activity itself for reasons of health and quality of life.” Assuming that a minor’s privacy interests are implicated in the instant case, we recognize that the state’s compelling interest in section 827.071 is different. The statute is not limited to protecting children only from sexual exploitation by adults, nor is it intended to protect minors from engaging in sexual intercourse. The state’s purpose in this statute is to protect minors from exploitation by anyone who induces them to appear in a sexual performance and shows that performance to other people. See Schmitt v. State, 590 So.2d 404, 412 (Fla.1991) (stating that the “obvious purpose” of section 827.071 “is to prohibit certain forms of child exploitation”), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992). The State’s interest in protecting children from exploitation in this statute is the same regardless of whether the person inducing the child to appear in a sexual performance and then promoting that performance is an adult or a minor.[3] Because the statute protects children from exploitation through the least intrusive means of furthering this compelling state interest, the trial court’s holding that section 827.071(2) and (3) is unconstitutional as applied to minors is reversed.
The trial court’s order dismissing Counts I and II of the delinquency petition is reversed, and the cause is remanded for further proceedings in accordance with this opinion.
MINER and LAWRENCE, JJ., concur.
ALLEN, J., concurs in result with opinion.

. Because only three justices joined in the opinion, the opinion in B.B. does not constitute binding precedent. Santos v. State, 629 So.2d 838, 840 (Fla.1994) ("Under the Florida Constitution, both a binding decision and a binding prece-dential opinion are created to the extent that at least four members of the Court have joined in an opinion and decision."). See also Greene v. Massey, 384 So.2d 24, 27 (Fla.1980).

. In Jones, the defendants in two cases consolidated for appeal were convicted of violating section 800.04, Florida Statutes, which prohibits lewd or lascivious assault on a child under 16 and to which neither the victim’s lack of chastity nor the victim’s consent is a defense. Each of the defendants was an adult male, i.e., aged 18 or older.

. Appellee admits that the statute "arguably might be constitutionally applied to a minor who uses force or coercion to compel another minor to engage in sexual behavior on videotape or who surreptitiously videotapes such behavior.”