SILBERMAN, Judge.
John Leslie Richardson seeks certiorari review of the trial court’s order denying his motion to compel discovery. We deny the petition because Richardson did not carry his burden to obtain the requested discovery.
Richardson was charged with violating the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, chapter *801 895, Florida Statutes (1997), and conspiracy to traffic in cocaine in excess of 190 pounds. In the trial court, Richardson sought to compel certain discovery from the State including answers to questions that Detective Gary Russ declined to answer in his deposition, the temporary unsealing of inactive wiretap files maintained by the State Attorney for the Thirteenth Judicial Circuit for the prior ten years, and the appointment of a special master to review the intelligence files of Sergeant Kenneth Morman in order to determine what other similarly situated nonminorities would have been available for wiretap during the pertinent time period.
In order to establish a selective prosecution claim, a defendant must show that the prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory intent. United States v. Armstrong, 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). In order to show discriminatory effect, the defendant must show that similarly situated individuals of a different race were not prosecuted. Id.
Richardson sought the discovery to attempt to determine whether he had been selectively targeted for a wiretap as a result of his race. He contended that the discovery might support a selective prosecution claim as a defense to the charges against him. Richardson asserted that of the five cases involving drug wiretaps that were being defended by the Public Defender for the Thirteenth Judicial Circuit, none involved nonminority defendants; that over the past three years, the public defender’s office had not represented a nonminority in a drug wiretap case; that reports issued by the state attorney’s office did not reflect any nonminority drug wiretap target since 1992; that a computer printout from the public defender’s office for the last ten years reflected that of the 1,848 drug trafficking cases handled by the public defender, only 404 were nonminority and those did not involve wiretaps; and that in their depositions, Detective Russ and Sergeant Morman were not able to identify any cases that involved an initial wiretap of a nonminority target.[1] Richardson argues that based on the information that he submitted in support of his motion to compel, the trial court should have allowed him to obtain the requested discovery. We disagree.
As do the federal courts, Florida applies a heightened burden of proof on defendants to prove a selective prosecution claim. Compare State v. A.R.S., 684 So.2d 1383, 1385 (Fla. 1st DCA 1996), with Armstrong, 517 U.S. at 463-65, 116 S.Ct. 1480. The court in Armstrong noted that a correspondingly rigorous standard should be applied in order for a defendant to obtain discovery to support a selective prosecution claim. Id. at 468, 116 S.Ct. 1480. Indeed, “the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims.” Id. at 463-64, 116 S.Ct. 1480. Moreover, it is not enough for a defendant to submit statistical evidence that a challenged government action tends to affect a particular group; rather, the statistics must address “the critical issue of whether that particular group was treated differently than a similarly-situated group.” United States v. James, 257 F.3d 1173, 1179 (10th Cir.2001). The defendant must make a threshold showing “that the Government declined to prosecute similarly *802 situated suspects of other races.” Armstrong, 517 U.S. at 458, 116 S.Ct. 1480.
In denying Richardson’s motion to compel, the trial court cited several federal cases. Richardson asserts that federal discovery rules are more stringent than discovery under the Florida Rules of Criminal Procedure and, therefore, that the trial court erred by relying on federal cases to deny his motion to compel. He argues that he established the materiality of the requested information under Florida Rule of Criminal Procedure 3.220(f) and, as a result, that the trial court should have granted his motion to compel.
Under Florida law, a trial court has broad discretion in ruling on discovery matters. See Gray v. State, 640 So.2d 186, 191-92 (Fla. 1st DCA 1994). The trial court concluded that Richardson produced no evidence tending to show the existence of a discriminatory effect or intent, that he failed to establish a colorable basis for a claim of selective prosecution or investigation sufficient to entitle him to the requested discovery, and that he failed to establish a need for disclosure. Based on the record before us, we conclude that the trial court did not err by considering pertinent federal cases to analyze the issues that were presented, and it did not depart from the essential requirements of law by denying the motion to compel.
Petition denied.
ALTENBERND, J., and GREEN, OLIVER L., Senior Judge, Concur.

. Richardson is African-American. It is noteworthy, however, that he is not claiming that law enforcement is targeting African-Americans for selective enforcement. Instead, he is using the classification of "minority” to argue that law enforcement may be targeting various ethnic groups, including Americans of African, Hispanic, and Italian descent.