WOLF, J.
A.H. challenges her adjudication of delinquency for producing, directing or promoting a photograph or representation that she knew included sexual conduct of a child in violation of section 827.071(3), Florida Statutes. She filed a motion to dismiss the charges alleging that the statute was as applied to her. She contended that, because the photographs were not actually distributed to a third party and the other participant in the sexual act was an older minor, her right to privacy was implicated and that criminal prosecution was not the least intrusive means of furthering a compelling state interest. The trial court ruled that there was a compelling state interest in preventing the production of these photographs and criminal prosecution was the least intrusive means of furthering the State’s compelling interest. We agree with this analysis and further determine that the privacy provision of the state constitution does not protect the behavior of appellant. We, thus, affirm.
By Amended Petition of Delinquency, 16-year-old appellant, A.H., and her 17-year-old boyfriend, J.G.W., were charged as juveniles under the child pornography laws. The charges were based on digital photos A.H. and J.G.W. took on March 25, 2004, of themselves naked and engaged in sexual behavior. The State alleged that, while the photos were never shown to a third party, A.H. and J.G.W. emailed the photos to another computer from AH.’s home. A.H. and J.G.W. were each charged with one count of producing, directing or promoting a photograph or representation that they knew to include the sexual conduct of a child, in violation of section 827.071(3), Florida Statutes.[1]
A.H. filed a motion to dismiss on October 24, 2005, arguing that section 827.071(3), Florida Statutes, was unconstitutional as applied to her. She contended that her privacy interests were implicated in the charges, that she was actually younger than her alleged victim, J.G.W., and that criminal prosecution was not the least intrusive means of furthering a compelling state interest. A hearing was held on the motion to dismiss on November 30, 2005, after which the trial court issued an order denying the motion. The order included the following conclusions:
*236 Assuming that the child’s right to privacy is implicated, the standard for evaluating whether the State may regulate the sexual conduct of minors, articulated in B.B. v. State, 659 So.2d 256, 258-59 (Fla.1995), requires the State to show both that it has a compelling interest and that it is furthering this interest in the least intrusive manner.
As to the first prong of the test, whether the State has a compelling interest in regulating the sexual behavior of minors, this Court recognizes a compelling state interest in protecting children from sexual exploitation, particularly the form of sexual exploitation involved in this case. This compelling interest exists whether the person sexually exploiting the child is an adult or a minor and is certainly triggered by the production of 117 photographs of minors engaging in graphic sexual acts. State v. A.R.S., 684 So.2d 1388, 1387 (Fla. 1st DCA 1996).
The Court further finds that prosecuting the child under the statute in question is the least intrusive means of furthering the State’s compelling interest. Not prosecuting the child would do nothing to further the State’s interest. Prosecution enables the State to prevent future illegal, exploitative acts by supervising and providing any necessary counseling to the child. The Court finds that the State has shown that Section 827.071(3), Florida Statutes, as applied to the child, is the least intrusive means of furthering the State’s compelling interest in preventing the sexual exploitation of children, rendering the statute constitutional.
Three weeks later, A.H. entered a nolo contendere plea to the charge and was placed on probation. Based on the supplemental record that has been filed, we find appellant specifically reserved her right to appeal the issue raised on the motion to dismiss.
A.H. argues that the trial court erred in denying her motion to dismiss below because the statute is unconstitutional as applied to her. She relies, in part, on the 1995 Florida Supreme Court decision in B.B. v. State, 659 So.2d 256 (Fla.1995), in which she alleges the court held that a child’s privacy interests under article I, section 23 of the Florida Constitution are triggered by engaging in sexual conduct.
According to A.H., given the lack of a significant age difference or of any allegation that the pictures were shown to a third party, the only compelling state interest that could be involved here was the protection of the co-defendants from engaging in sexual behavior until their minds and bodies had matured. A.H. argues that prosecuting her for the second-degree felony of promoting a sexual performance by a child was not the least intrusive means of furthering this interest. Therefore, she maintains that section 827.071(3), Florida Statutes, is unconstitutional as applied to her, and the trial court’s ruling to the contrary must be reversed.
Implicit in A.H.’s argument is that article I, section 23 protects a minor’s right to have sexual intercourse and that this right of privacy extends to situations where the minor memorializes the act through pictures or video. We cannot accept this argument.
In State v. A.R.S., 684 So.2d 1383 (Fla. 1st DCA 1996), we addressed the constitutionality of section 827.071(3), Florida Statutes, the same statute at issue in this case. In that case, the court assumed “that a minor’s privacy interests were implicated.” Id. The court went on to hold that the State had a compelling interest “to protect minors from exploitation by anyone who induces them to appear in a sexual per- *237 Romance and shows that performance to other people.” Id. at 1387.
As Judge Allen noted in his concurrence in A.R.S., the law relating to a minor’s right of privacy to have sex with another minor is anything but clear. See also State v. Raleigh, 686 So.2d 621 (Fla. 5th DCA 1996). It is unnecessary, however, for us to enter that quagmire. The question before us is, even assuming that the privacy provision of article I, section 23 of the Florida Constitution extends to minors having sexual intercourse, whether that right extends to them memorializing that activity through photographs.
“Florida’s right to privacy is a fundamental right that requires evaluation under a compelling state interest standard. However, before the right to privacy attaches and the standard is applied, a reasonable expectation of privacy must exist.” Bd. of County Comm’rs of Palm Beach County v. D.B., 784 So.2d 585, 588 (Fla. 4th DCA 2001). Whether an individual has a legitimate expectation of privacy is determined by considering all the circumstances, especially objective manifestations of that expectation. City of N. Miami v. Kurtz, 653 So.2d 1025,1028 (Fla.1995).
A number of factors lead us to conclude that there is no reasonable expectation of privacy under these circumstances.
First, the decision to take photographs and to keep a record that may be shown to people in the future weighs against a reasonable expectation of privacy. See Four Navy Seals v. Associated Press, 413 F.Supp.2d 1136 (S.D.Cal.2005) (holding active duty military members who allowed photographs to be taken of prisoner abuse did not have reasonable expectation of privacy under state constitution).
Second, the photographs which were taken were shared by the two minors who were involved in the sexual activities. Neither had a reasonable expectation that the other would not show the photos to a third party. Minors who are involved in a sexual relationship, unlike adults who may be involved in a mature committed relationship, have no reasonable expectation that their relationship will continue and that the photographs will not be shared with others intentionally or unintentionally. One motive for revealing the photos is profit. Unfortunately, the market for child pornography in this country, according to news reports, appears to be flourishing. See, e.g., “Child porn ring busted, 27 face charges,” March 15, 2006, http://www. msnbc. msn.eom/id/11839832; Jeremy W. Peters, Another Arrest in Webcam Pornography Case, N.Y. Times, May 16, 2006, available at http://www.nytimes. com (search the NYT Archive since 1981 for “Webcam Pornography Case,” then click on title). These 117 sexually explicit photographs would undoubtedly have market value.
In addition, a number of teenagers want to let their friends know of their sexual prowess. Pictures are excellent evidence of an individual’s exploits. A reasonably prudent person would believe that if you put this type of material in a teenager’s hands that, at some point either for profit or bragging rights, the material will be disseminated to other members of the public.
Distribution of these types of photos is likely, especially after the relationship has ended. It is not unreasonable to assume that the immature relationship between the co-defendants would eventually end. The relationship has neither the sanctity of law nor the stability of maturity or length. The subjective belief of these co-defendants that the photos might not be shared is not dispositive. In fact, the defendant in this case expressed her concern to law *238 enforcement that her co-defendant might do something disagreeable with the photographs.
The mere fact that the defendant may have subjectively believed that the pictures would remain private does not control; it is whether society is willing to recognize an objective expectation.
As this court previously stated in State v. Conforti, 688 So.2d 350, 358-59 (Fla. 4th DCA 1997):
Although a person’s subjective expectation of privacy is one consideration in deciding whether a constitutional right attaches, the final determination of an expectation’s legitimacy takes a more global view, placing the individual in the context of a society and the values that the society seeks to foster. The right to privacy has not made each person a solipsistic island of self-determination.
Bd. of County Comm’rs of Palm Beach County v. D.B., 784 So.2d 585, 590 (Fla. 4th DCA 2001).
The fact that these photographs may have or may not have been shown in no way affects the minor’s reasonable expectation that there was a distinct and real possibility that the other teenager involved would at some point make these photos public.
Even assuming, arguendo, that a reasonable expectation of privacy existed, the statute in the instant case serves a compelling state interest. In A.R.S., 684 So.2d at 1387, this court addressed the statute in question where a minor had videotaped himself involved in sexual conduct with a female minor and played the videotape for a third party.
Assuming that a minor’s privacy interests are implicated in the instant case, we recognize that the state’s compelling interest in section 827.071 is different. The statute is not limited to protecting children only from sexual exploitation by adults, nor is it intended to protect minors from engaging in sexual intercourse. The state’s purpose in this statute is to protect minors from exploitation by anyone who induces them to appear in a sexual performance and shows that performance to other people. See Schmitt v. State, 590 So.2d 404, 412 (Fla.1991) (stating that the “obvious purpose” of section 827.071 “is to prohibit certain forms of child exploitation”), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992). The State’s interest in protecting children from exploitation in this statute is the same regardless of whether the person inducing the child to appear in a sexual performance and then promoting that performance is an adult or a minor.

Id.

Appellant asserts that the State only has a compelling interest when the photograph or video is shown to a third party. The Legislature has, however, recognized a compelling interest in seeing that the videotape or picture including “sexual conduct by a child of less than 18 years of age” is never produced. § 827.071(3), Fla. Stat.
As previously stated, the reasonable expectation that the material will ultimately be disseminated is by itself a compelling state interest for preventing the production of this material. In addition, the statute was intended to protect minors like appellant and her co-defendant from their own lack of judgment.
Without either foresight or maturity, appellant engaged in the conduct at issue, then expressed concern to law enforcement personnel that her co-defendant may do something inappropriate, i.e., disseminate sexually explicit photos that were lodged on his computer. Appellant was simply too young to make an intelligent decision about engaging in sexual conduct *239 and memorializing it. Mere production of these videos or pictures may also result in psychological trauma to the teenagers involved.
Further, if these pictures are ultimately released, future damage may be done to these minors’ careers or personal lives. These children are not mature enough to make rational decisions concerning all the possible negative implications of producing these videos.
In addition, the two defendants placed the photos on a computer and then, using the internet, transferred them to another computer. Not only can the two computers be hacked, but by transferring the photos using the net, the photos may have been and perhaps still are accessible to the provider and/or other individuals. Computers also allow for long-term storage of information which may then be disseminated at some later date. The State has a compelling interest in seeing that material which will have such negative consequences is never produced.
The decision of the trial court is affirmed.
THOMAS, J., concurs; PADOVANO, J., dissents with opinion.

. J.G.W. was also charged with one count of possession of child pornography under section 827.071(5), Florida Statutes (2005).