WELLS, Judge.
The State seeks certiorari review of an order authorizing defendant, Robert Seitz, to take the telephonic deposition of Mark Smith, a former Assistant State Attorney, who at one time was assigned to Seitz’s ongoing criminal prosecution. We grant certiorari and quash the order.
In September 2001, Seitz was charged in a seven-count information with battering and stalking Jilda Unruh, a local television journalist, and with making threatening and harassing telephone calls to her. Seitz was also charged with violating an earlier injunction against repeat violence. Almost six years after these charges were filed, Seitz obtained the order under review, permitting him to conduct the telephonic deposition of Smith, a prosecutor previously assigned to Seitz’s case. Seitz claimed that this prosecutor’s testimony was material to his defense, arguing that the instant prosecution “is a political prosecution due to the relationship between the State Attorney Katherine Rundle, the alleged victim Jilda Unruh and the prosecutor originally assigned to this case, Mark Smith.”[1]
Seitz claims here that he needs Smith’s testimony to demonstrate that Unruh is biased. We disagree, finding that Seitz does not need Smith’s deposition to demonstrate bias. As the victim of these crimes, Unruh undoubtedly will be “biased” in her own, and thus in the State’s, favor. Seitz has also failed to demonstrate any legitimate basis for inquiring into the State’s reasons for prosecuting this case. See Richardson v. State, 831 So.2d 799, 801 (Fla. 2d DCA 2002) (confirming that Florida applies a “heightened burden of proof on defendants to prove a selective prosecution claim” and that “to establish a selective prosecution claim, a defendant *665 must show that the prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory intent”); State v. A.R.S., 684 So.2d 1383, 1384-85 (Fla. 1st DCA 1996) (confirming that “the government has broad discretion in determining whom to prosecute, and this discretion ‘rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review,’ ” and that “[t]o support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing at least pri-ma facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government’s discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. State v. Parrish, 567 So.2d 461, 465 (Fla. 1st DCA 1990) (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir.1974)), review denied, 581 So.2d 167 (Fla.1991).”). There is, therefore, nothing for this former Assistant State Attorney to testify about that may be either relevant or material to the defense of the crimes charged in this case.
Accordingly, the order authorizing the telephone deposition of Mark Smith is hereby quashed.

. According to Seitz, Smith was a confidential source for Unruh.