# In re C.S.

88

*Andrea Olsovsky*, for appellee.
*Heather Gallagher*, for commonwealth.

STEINBERG, *J.*, July 24, 2012—The juvenile, C.S., has been charged with crimes[1] that could be interpreted as those committed by a deviant sexual offender. What heinous acts has she allegedly committed: the posting to her Facebook page of the consensual sexual acts of L.C. and M.T., who are ages sixteen (16) and seventeen (17). Based upon the evidence presented at the pre-adjudicatory

---

1. Sexual abuse of children — dissemination of photographs, videotapes, computer depictions and films, 18 Pa.C.S. §6312(c)(1); sexual abuse of children — possession of child pornography, 18 Pa.C.S. § 6312(d)(1); criminal use of communication facility, 18 Pa.C.S. § 7512; dissemination of explicit sexual material via an electronic communication, 18 Pa.C.S. § 5903(a.1).

hearing, L.C. agreed to allow M.T. to record their sexual assignation. It appears, however, that sometime after doing so M.T. was indiscreet and sexted[2] his recording to others.[3] One of the recipients of the sexting was C.S., who then posted the video to her Facebook page. Comments on her Facebook page suggest that the purpose of the posting was not sexual, but an expose to subject L.C. to public criticism.

The world of the new millennium teen suggests that a significant number of them engage in sexting.[4] The response by law enforcement has included efforts to delete the images, recommend participation in educational programs, and more frequently, prosecute under child pornography laws. *Miller v. Skumanick,* supra,; *State v. Canal,* 773 N.W.2d 528 (2009)(Conviction for disseminating obscene materials to a minor upheld where high school student sent a photograph of his erect penis to a fellow student); *A.H. v. State,* 949 So.2d 234 (Fla. Dist. Ct. App. 2007) (Adjudication of delinquency under child pornography law upheld where 16 year old emailed digital photos of herself and her 17 year old boyfriend naked and engaged in sexual behavior); see also *In re J.P.,* 2012 WL 1106670, slip, op., (Ohio Ct. App. 11th Dist. 2012). Registration as a sex offender has also resulted from "sexting" prosecutions. *Canal,* 773 N.W.2d at 529-530.

---

2. "Sexting" is the exchange of sexually explicit text messages, including photographs, via cell phone. *Miller v. Skumanick,* 605 F. Supp. 2d 634, 637 (M.D. Pa. 2009).

3. M.T. had not been interviewed as of May 25, 2012, the date of the hearing in this matter, so the number of people he sexted is unknown.

4. Julia McLaughlin, crime and punishment: teen sexting in context, 115 Penn. St. L. Rev. 135, 137, 140-141 (2010); The nat'l campaign to prevent teen + unplanned pregnancy, sex and tech: Results from a survey of teens and young adults, (2008), available at http://www.thenationalcampaign.org/sextech/PDF/SexTech_Summary.pdf.

The purpose behind the child pornography statutes has little or nothing to do with "sexting". Section 6312 was enacted "plainly to protect children, end the abuse and exploitation of children, and eradicate the production and supply of child pornography." *Commonwealth v. Baker*, 24 A.3d 1006, 1036 (Pa.Super. 2011) quoting *Commonwealth v. Diodoro*, 601 Pa. 6, 19, 970 A.2d 1100, 1107 (2009). A number of scholars and jurists have questioned the wisdom of using laws designed to protect children from abuse by others, to punish a child for their mistake. See *A.H. v. State*, 949 So.2d at 239 (Padovano, J. dissenting); See also Antonio Haynes, *The Age of Consent: When Is Sexting No Longer "Speech Integral To Criminal Conduct?"*, 97 Cornell L.Rev. 369, 370-371 (2012). Here, the sexual acts were all done by children. Additionally, it is ironic that the sexual conduct between L.C. and M.T. is lawful, but C.S. has been arrested, detained, and subject to placement for publishing the consensual conduct.

The Supreme Court has held that the government may criminalize the possession of child pornography. *New York v. Ferber*, 458 U.S. 747, 756-757 (1982) (States are entitled to greater leeway in the regulation of pornographic depictions of children). In that regard, child pornography like defamation, incitement, and obscenity is not entitled to First Amendment protections. *United States v. Stevens*, 130 S.Ct. 1577, 1584(2010). However, under certain circumstances, legislation designed to address, for example, "virtual child pornography", has been held to be constitutionally overbroad. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)(Two provisions of the Child Pornography Act of 1996 held facially overbroad). Justice Kennedy, writing for the majority of the Court,

distinguished *Ferber* by concluding the acts were not "intrinsically related" to the sexual abuse of children. *Id.* at 250. Additionally, *Ferber*'s judgment was based upon how child pornography was made, not on what it communicated. This case reaffirmed that where the speech is not the product of sexual abuse, it falls within the protection of the First Amendment. *Id.*; But see *United States v. Williams*, 553 U.S. 285, 299 (2008)(Offers to provide or requests to obtain child pornography are "categorically" excluded from the First Amendment).

The Commonwealth in this case has attempted to equate child pornography with sexting and/or the display of those images on Facebook. By doing so, the constitutionality of those statutes as applied to this juvenile are subject to scrutiny. *United States v. Booker*, 543 U.S. 220, 314 (2005) (Thomas, J. dissenting in part)("When a litigant claims that a statute is unconstitutional as applied to him, and the statute is in fact unconstitutional as applied, we normally invalidate the statute only as applied to the litigant in question); see also *Brockett v. Spokane Arcades Inc.*, 472 U.S. 491, 504 (1985)(The "normal rule [is] that partial, rather than facial, invalidation is the required course" such that a "statute may...be declared invalid to the extent that it reaches too far, but otherwise left intact.")(collecting cases);[5] see also *Ferber*, 458 U.S. at 773; *Virginia v. Hicks*, 539 U.S. 113, 119 (2003)(if a statute is found to be overbroad that will not prohibit all enforcement that reflects "legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected

---

5. *Citizens United v. Federal Election Commission*, 130 S.Ct. 876, 932 (2010)("This court has repeatedly emphasized in recent years that 'facial challenges' are disfavored.").

conduct. For there are substantial social costs *created* by the overbreadth doctrine when it blocks application of a law to constitutionally unprotected speech, or especially to constitutionally unprotected conduct")(emphasis in original). It has been similarly held that one of the two ways that a vagueness challenge can be presented is that the language of the statute is "vague regarding the particular conduct of the individual challenging the statute." *Commonwealth v. Nesbitt*, 575 A.2d 633, 635 (Pa.Super. 1990); *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988) ("Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis."); *U.S. v. Mazurie*, 419 U.S. 544, 550 (1975)("[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand.").

In *Commonwealth v. Stenhach*, 514 A.2d 114, 124 (Pa. Super. 1986) it was explained that challenges on vagueness and overbreadth are "closely related to infirmities which often merge conceptually and in case law. Constitutionally vague statutes proscribe activity in terms so ambiguous that reasonable persons may differ as to what is actually prohibited.... Overbroad statutes authorize the punishment of constitutionally protected conduct; where the language of the statute is not vague, but literally encompasses a variety of protected activity, it cannot be read literally. In an overbroad statute, the clarity of the language is delusive, for the language must be recast to separate proper from improper applications." *Id.*; see also *Commonwealth v. Barud*, 545 Pa. 297, 305, 681 A.2d 162, 165 (1996); *Kolender v. Lawson*, 461 U.S. 352, 357-358 (1983);

*Kreimer v. Bureau of Police for the town of Morristown*, 958 F.2d 1242, 1266 (3d Cir. 1992).

In *F.C.C. v. Fox Television Stations, Inc.*,___U.S.___, 132 S.Ct. 2307, 2317 (2012), Justice Kennedy writing for a near unanimous court,[6] explained that "[a] fundamental principle in our legal system is that laws which regulate persons... must give fair notice of conduct that is forbidden.... A conviction or punishment fails to comply with due process if the statute or regulation under which it is obtained 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement....' [T]he void for vagueness doctrine addresses at least two connected but discrete due process concerns: first, that regulated parties should know what is required of them so they may act accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *Id.* (internal citations omitted); see also *Commonwealth v. Morgan*, 331 A.2d 444, 445 (Pa. 1975); *Stenach*, 514 A.2d at 125, 127; *Pringle v. Court of Common Pleas*, 778 F.2d 998 (3d Cir. 1985).

A person of ordinary intelligence, including a teenager, would understand that the possession of child pornography is illegal. Teenagers would understand that the legislature enacted Section 6312 of the Crimes Code "to protect children, end the abuse and exploitation of children, and eradicate the production and supply of child pornography." *Commonwealth v. Davidson*, 938 A.2d 198, 215(Pa. 2007)

---

6. Justice Sotomayor did not participate in the decision.

(Section 6312(d) criminalizing the possession of child pornography, including depictions of "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction," is not void for vagueness in violation of due process; common sense and human experience dictate that an individual of ordinary intelligence, not a mind reader or a genius, can identify whether a photograph of a nude child depicts nudity for the purpose of sexual stimulation or gratification).

These same teenagers, unless prosecuted, would be clueless that their conduct falls within the parameters of the Sexual Abuse of Children statute, Section 6312. Not only is sexting prevalent[7] in their world, but it is doubtful they would connect sexting with the sexual exploitation of children. While "each image of child pornography creates a permanent record of a child's abuse, which results in continuing exploitation of a child when the image is subsequently viewed," sexting, like the within case, generally involves consensual sexual conduct or encounters. *Davidson*, 193 N.J. at 339, 939 A.2d at 219.

This conduct is also the product of teenagers lacking mature adult judgment. The Supreme Court in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) quoting *Roper v. Simmons*, 543 U.S. 551, 569 (2009) reiterated that children have a "lack of maturity and an underdeveloped sense of responsibility leading to recklessness, impulsivity,

---

7. "More than a quarter of american teenagers sent nude photos of themselves electronically." Jeanna Smialek, nude photo "sexts' sent by one in four teens, study finds, Bloomsberg.com, July 2, 2012, available at http://www.bloomberg.com/news/2012-07-02/nude-photo-sexts-sent-by-one-in-four-teens-study-finds.html.

and risk-taking.... Children are more vulnerable...to negative influences and outside pressures including from their family and peers; they have limited control over their own environment and lack the ability to extricate themselves from horrific, crime producing settings.... A child's character is not as well-formed as an adult's...." *Id.* (internal citations and quotations omitted). Proof of this lack of maturity is evidenced by the motivation for this phenomenon. Teenagers sext for reasons totally unrelated to the exploitation or abuse of children.[8]

The law enforcement response to this teenage cultural relativism has been inconsistent. The F.B.I. in an F.B.I. Law Enforcement Bulletin entitled "Sexting: Risky Actions and Overreactions"[9] advised the law enforcement community that "[w]hile the activity associated with juvenile sexting technically may violate criminal statutes, prosecutors must use discretion, vested with their position, to confront the activity appropriately. Every act violating a statute should not necessarily bring charges." In fact, although law enforcement agencies handled almost 3,500 cases of youth-produced sexual images during 2008-2009, arrest was not typical in cases with no adults involved.[10]

---

8. One survey indicates that most teenagers send sexually suggestive content to their boyfriends/girlfriends. Other reasons cited in the survey include impressing a potential boyfriend/girlfriend, to be "fun or flirtatious", "a joke", and peer-pressure. While some were concerned about trouble with the law the primary reasons they were concerned about sexting was that they "might regret it later" and "potential embarrassment". The nat'l campaign to prevent teen + unplanned pregnancy, sex and tech: results from a survey of teens and young adults, (2008), available at http://www.thenationalcampaign.org/sextech/PDF/SexTech_Summary.pdf.

9. Art booker & Michael Sullivan, available at http.//www.fbi.gov/stats-services/publications/law-enforcement-bulletin/july-2010/sexting.

10. Janis Wolak et. Al., how often are teens arrested for sexting?

96

The deputy district attorney assigned to the case acknowledged that an adjudication was pursued against C.S. selectively. No aggravated circumstances existed, and the young man who sexted the sexual acts was not pursued or even interviewed. It is apparent that pursuing child pornography charges against teenagers "encourages arbitrary and erratic arrests and convictions", which is one of the concerns addressed by the void for vagueness doctrine. *Papachristou v. City of Jacksonville* 405 U.S. 156, 162 (1972); *Commonwealth v. Asamoah*, 809 A.2d 943, 946 (Pa.Super. 2002). In light of the statistics related to "sexting", the decision to prosecute is more likely subject to the vagaries of local law enforcement than the recognition that this type of conduct should be charged.

"The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people." *Ashcroft v. Free Speech Coalition*, 535 U.S. at 244. However, placing sexting on the same crime scale as child pornography is an overreaction by law enforcement. A law enforcement response may be appropriate under certain circumstances,[11] but using the child pornography statutes is a "round hole/square peg" approach to enforcement. Those who are adjudicated or convicted of child pornography offenses are sexual offenders and often predators. Teenagers who engage in sexting should not

---

Data from a national sample of police cases, crimes against children research center, University of New Hampshire.

11. The F.B.I. in the article previously referenced, "Sexting: Risky Actions and Overreactions", outlines various factors for law enforcement to consider in deciding to pursue charges. "Consideration of these factors can help investigators and prosecutors decide the proper course of action, such as no charges, diversion, or formal charges (sex or nonsex offense)."

face the same legal and moral condemnation.

The response to this conduct should come from the legislative branch of government. Some state legislatures are already grappling with an appropriate response. For example, Pennsylvania Senate Bill 850 creates the offense of "Cyberbullying and sexting by minors."[12] House Bill 815 creates "Sexting by minors."[13] The grading of both offenses would be misdemeanors of the second degree not the felonies the Commonwealth is pursuing in this case.[14]

In sum, the child pornography statutes as-applied to teenage sexting or in this case, teenage Facebook posting, fails to provide a teenager of ordinary intelligence "fair notice" of what is prohibited. It also authorizes or encourages enforcement without proper guidelines or discretion.

For all the foregoing reasons, the charges against C.S. are dismissed because as-applied to her, Section 6312(a)(1) and 6312(d)(1) of the crimes code are void for vagueness.[15]

---

12. S.B. 850, 2011 Leg., 2011-2012 Reg. Sess. (Pa. 2011).

13. H.B. 815, 2011 Leg., 2011-2012 Reg. Sess. (Pa. 2011). Both bills were referred to the judiciary committee.

14. Those states that are addressing sexting have not treated it with the same severity as the child pornography offenses.

15. This disposition of the sexual abuse of children charges also results in the dismissal of the charge of criminal use of communication facility which requires the use of a communication facility "to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony...." Having found no felony was properly charged, this offense must also be dismissed.

Additionally, the commonwealth charged C.S. with the offense of dissemination of explicit sexual material via an electronic communication, 18 Pa.C.S. § 5903(a.1). This court's review of that section leads to the conclusion that it applies to an "unsolicited advertisement", which has nothing to do with this case. Therefore, it is dismissed.

## ORDER

And now, July 24, 2012, after hearing held in this matter on May 25, 2012, consideration of the memorandum of law submitted by counsel, and for the reasons expressed in this opinion;

It is hereby ordered that the juvenile petition filed in the above-captioned matter is dismissed.